Jose L. Patiño (CA Bar No. 149568)
jlpatino@jonesday.com
Nicola A. Pisano (CA Bar No. 151282)
napisano@jonesday.com
Christopher C. Bolten (CA Bar No. 268284)
ccbolten@jonesday.com
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA 92130
Phone: (858) 314-1200
Fax: (858) 314-1150

Attorneys for Plaintiffs,
FUTUREWEI TECHNOLOGIES, INC. and
HUAWEI DEVICE USA INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| FUTUREWEI TECHNOLOGIES, INC. and HUAWEI DEVICE USA INC. <br><br> Plaintiffs, <br><br> v. <br><br> ACACIA RESEARCH CORPORATION; ACCESS CO. LTD.; and SMARTPHONE TECHNOLOGIES, LLC <br><br> Defendants. | Case No. 8:12-cv-00511-AG-JPR <br><br> **FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT; DAMAGES; AND INJUNCTIVE RELIEF** <br><br> [DEMAND FOR JURY TRIAL] |

Plaintiffs, Futurewei Technologies, Inc. and Huawei Device USA Inc. assert this Complaint against Defendants Acacia Research Corporation ("Acacia"), Access Co. Ltd. ("Access"), and SmartPhone Technologies, LLC ("SmartPhone") as follows:

## THE PARTIES

1.      Futurewei Technologies, Inc. is a Texas corporation with its principal place of business at 2330 Central Expressway, Santa Clara, California 95050. Through December 1, 2011, Futurewei Technologies, Inc. marketed and sold Huawei terminal products in the United States.

2.      Huawei Device USA Inc. is a Texas corporation with its principal place of business at 5700 Tennyson Parkway, Suite 600, Plano, Texas 75024. Since December 1, 2011, Huawei Device USA Inc. has marketed and sold Huawei terminal products in the United States.  Futurewei Technologies, Inc. and Huawei Device USA Inc are referred to herein, collectively, as "Huawei."

3.      Upon information and belief, Acacia is a Delaware corporation with its principal place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, California 92660.

4.      Upon information and belief, Access is a limited company under the laws of Japan with its principal place of business at Sumitomo-Fudosan Sarugaku-cho Bldg., 2-8-8 Sarugaku-cho, Chiyoda-ku Tokyo 101-0064 Japan.

5.      Upon information and belief, SmartPhone is a Texas limited liability company with its principal place of business at 6136 Frisco Square Blvd., 4th Floor, Frisco, Texas 75034.  SmartPhone is registered with the Texas Secretary of State as having an address at 500 Newport Center Drive, 7th Floor, Newport Beach, California 92660.

## JURISDICTION AND VENUE

6.      This action is based on the patent laws of Title 35 of the United States Code, § 1 *et seq.*, with a remedy sought under the Federal Declaratory Judgments

FIRST AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT

Act, 28 U.S.C. §§ 2201 and 2202. An actual, substantial, and continuing justiciable controversy exists between Huawei, Acacia, Access, and SmartPhone that requires a declaration of rights by this Court.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202, and incident to its supplemental jurisdiction over state law claims including claims pursuant to California Business & Professions Code §§ 17200, *et seq.*

8. This Court has personal jurisdiction over SmartPhone. Upon information and belief, SmartPhone conducts business in this District including seeking to monetize its patent portfolio (including the patents-in-suit) in this District and has an address in this District registered with the Texas Secretary of State. Upon information and belief, SmartPhone is owned by Acacia, over which this Court also has personal jurisdiction. Acacia conducts business in this District and has its principal place of business in this District at 500 Newport Center Drive, 7th Floor, Newport Beach, California 92660.

9. This Court has personal jurisdiction over Access. Upon information and belief, Access conducts business in this District.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

11. On April 3, 2012, SmartPhone sued each Huawei, Huawei Technologies Co., Ltd., and Huawei Technologies USA Inc. for patent infringement of U.S. Patent Nos. 6,950,645, 6,466,236, 6,928,300, 7,664,485, and 6,173,316 (collectively, the "patents-in-suit") in the United States District Court for the Eastern District of Texas.

12. U.S. Patent No. 6,950,645 (the "'645 patent") is entitled "Power-Conserving Intuitive Device Discovery Technique In A Bluetooth Environment" and issued on September 27, 2005. Attached as Exhibit A is a copy of the '645 patent.

FIRST AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT

13.    U.S. Patent No. 6,466,236 (the "'236 patent") is entitled "System And Method For Displaying And Manipulating Multiple Calendars On A Personal Digital Assistant" and issued on October 15, 2002.  Attached as Exhibit B is a copy of the '236 patent.

14.    U.S. Patent No. 6,928,300 (the "'300 patent") is entitled "Method And Apparatus For Automated Flexible Configuring Of Notifications And Activation" and issued on August 9, 2005.  Attached as Exhibit C is a copy of the '300 patent.

15.    U.S. Patent No. 7,664,485 (the "'485 patent") is entitled "Making A Phone Call From An Electronic Device Having An Address List Or A Call History List" and issued on February 16, 2010.  Attached as Exhibit D is a copy of the '485 patent.

16.    U.S. Patent No. 6,173,316 (the "'316 patent") is entitled "Wireless Communication Device With Markup Language Based Man-Machine Interface" and issued on January 9, 2001.  Attached as Exhibit E is a copy of the '316 patent.

17.    Upon information and belief, in 2005 Access acquired PalmSource, Inc. ("PalmSource").

18.    Upon information and belief, Access acquired patent rights, including rights to the patents-in-suit, as part of its acquisition of PalmSource.

19.    Upon information and belief, Access licensed patents it acquired from PalmSource to Acacia, including the patents-in-suit.

20.    Upon information and belief, Acacia owns SmartPhone.

21.    Upon information and belief, Acacia licensed the patents-in-suit to SmartPhone.

22.    Upon information and belief, Acacia and Access are to receive payment for any money paid to SmartPhone by Huawei relating to the patents-in-suit.

FIRST AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT

23. The Huawei entities are networking and telecommunications equipment and services companies that market and sell mobile handsets commonly referred to as cellular telephones or smartphones.

24. Huawei has been a customer of Access for over ten years and currently is a customer of Access.

25. Huawei and Access are parties to a contract pursuant to which Huawei purchases Access products, including software for use on certain models of Huawei's mobile handsets.

26. Upon information and belief, Acacia and/or SmartPhone knew of the contract between Huawei and Access.

27. Huawei was not a party to any license agreement between Access and Acacia relating to the patents-in-suit.

28. Huawei expects that Access would protect its customers from third party lawsuits asserting patents owned by Access.

## COUNT I

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,950,645)**

29. Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

30. Upon information and belief, Access owns the '645 patent.

31. Upon information and belief, Access licensed the '645 patent to Acacia.

32. Upon information and belief, Acacia licensed the '645 patent to SmartPhone.

33. SmartPhone is asserting the '645 patent against Huawei, contending that Huawei has infringed the '645 patent.

34. Huawei contends that it has not infringed, and does not infringe, any valid and enforceable asserted claim of the '645 patent.

FIRST AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT

- 5 -

35. An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning the alleged infringement of the '645 patent.

## COUNT II

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,466,236)

36. Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

37. Upon information and belief, Access owns the '236 patent.

38. Upon information and belief, Access licensed the '236 patent to Acacia.

39. Upon information and belief, Acacia licensed the '236 patent to SmartPhone.

40. SmartPhone is asserting the '236 patent against Huawei, contending that Huawei has infringed the '236 patent.

41. Huawei contends that it has not infringed, and does not infringe, any valid and enforceable asserted claim of the '236 patent.

42. An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning the alleged infringement of the '236 patent.

## COUNT III

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,928,300)

43. Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

44. Upon information and belief, Access owns the '300 patent.

45. Upon information and belief, Access licensed the '300 patent to Acacia.

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

46. Upon information and belief, Acacia licensed the '300 patent to SmartPhone.

47. SmartPhone is asserting the '300 patent against Huawei, contending that Huawei has infringed the '300 patent.

48. Huawei contends that it has not infringed, and does not infringe, any valid and enforceable asserted claim of the '300 patent.

49. An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning the alleged infringement of the '300 patent.

## COUNT IV

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,664,485)**

50. Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

51. Upon information and belief, Access owns the '485 patent.

52. Upon information and belief, Access licensed the '485 patent to Acacia.

53. Upon information and belief, Acacia licensed the '485 patent to SmartPhone.

54. SmartPhone is asserting the '485 patent against Huawei, contending that Huawei has infringed the '485 patent.

55. Huawei contends that it has not infringed, and does not infringe, any valid and enforceable asserted claim of the '485 patent.

56. An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning the alleged infringement of the '485 patent.

FIRST AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT

## COUNT V

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,173,316)

57. Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

58. Upon information and belief, Access owns the '316 patent.

59. Upon information and belief, Access licensed the '316 patent to Acacia.

60. Upon information and belief, Acacia licensed the '316 patent to SmartPhone.

61. SmartPhone is asserting the '316 patent against Huawei, contending that Huawei has infringed the '316 patent.

62. Huawei contends that it has not infringed, and does not infringe, any valid and enforceable asserted claim of the '316 patent.

63. An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning the alleged infringement of the '316 patent.

## COUNT VI

### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,950,645)

64. Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

65. Upon information and belief, Access owns the '645 patent.

66. Upon information and belief, Access licensed the '645 patent to Acacia.

67. Upon information and belief, Acacia licensed the '645 patent to SmartPhone.

68. SmartPhone is asserting the '645 patent against Huawei, contending that the '645 patent is valid.

FIRST AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT

69.   Huawei contends that the claims of the '645 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

70.   An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning the alleged validity of the '645 patent.

## COUNT VII

### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,466,236)

71.   Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

72.   Upon information and belief, Access owns the '236 patent.

73.   Upon information and belief, Access licensed the '236 patent to Acacia.

74.   Upon information and belief, Acacia licensed the '236 patent to SmartPhone.

75.   SmartPhone is asserting the '236 patent against Huawei, contending that the '236 patent is valid.

76.   Huawei contends that the claims of the '236 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

77.   An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning the alleged validity of the '236 patent.

## COUNT VIII

### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,928,300)

78.   Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

79.   Upon information and belief, Access owns the '300 patent.

80.   Upon information and belief, Access licensed the '300 patent to Acacia.

81.   Upon information and belief, Acacia licensed the '300 patent to SmartPhone.

FIRST AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT

82.   SmartPhone is asserting the '300 patent against Huawei, contending that the '300 patent is valid.

83.   Huawei contends that the claims of the '300 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

84.   An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning the alleged validity of the '300 patent.

## COUNT IX

**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,664,485)**

85.   Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

86.   Upon information and belief, Access owns the '485 patent.

87.   Upon information and belief, Access licensed the '485 patent to Acacia.

88.   Upon information and belief, Acacia licensed the '485 patent to SmartPhone.

89.   SmartPhone is asserting the '485 patent against Huawei, contending that the '485 patent is valid.

90.   Huawei contends that the claims of the '485 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

91.   An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning the alleged validity of the '485 patent.

## COUNT X

**(Declaratory Judgment of Invalidity of U.S. Patent No. 6,173,316)**

92.   Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

93.   Upon information and belief, Access owns the '316 patent.

94.  Upon information and belief, Access licensed the '316 patent to Acacia.

95.  Upon information and belief, Acacia licensed the '316 patent to SmartPhone.

96.  SmartPhone is asserting the '316 patent against Huawei, contending that the '316 patent is valid.

97.  Huawei contends that the claims of the '316 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

98.  An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning the alleged validity of the '316 patent.

## COUNT XI

### (Enforcement of Rights as a Third-Party Beneficiary)

99.  Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

100.  Upon information and belief, Access entered into a license agreement with Acacia in which the patents-in-suit were licensed to Acacia.

101.  Upon information and belief, Acacia owns SmartPhone.

102.  Upon information and belief, Acacia licensed the patents-in-suit to SmartPhone.

103.  Huawei was not a party to any license agreement between Access and Acacia relating to the patents-in-suit.

104.  Huawei has been and is a customer of Access.

105.  Upon information and belief, Access would not license its patent rights, including its rights to the patents-in-suit, to a third party to the detriment of its customers, including Huawei.

106.  Upon information and belief, Access and Acacia intended for Huawei, as a customer of Access, to benefit from their license agreement relating to the patents-in-suit.

FIRST AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT

107. SmartPhone is asserting the patents-in-suit against Huawei, contending that Huawei has infringed the patents-in-suit.

108. An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning the rights of Huawei as a third-party beneficiary.

## COUNT XII

### (Intentional Interference with Contractual Relations)

109. Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

110. Huawei and Access are parties to a contract pursuant to which Huawei purchases Access products, including software for use on certain models of Huawei's mobile handsets.

111. Upon information and belief, Acacia and/or SmartPhone knew of the contract between Huawei and Access.

112. Upon information and belief, Acacia and/or SmartPhone intended to disrupt the performance of the contract between Huawei and Access by SmartPhone asserting the patents-in-suit against Huawei even though Access owns the patents-in-suit.

113. SmartPhone's assertion of the patents-in-suit, with Acacia's backing, against Huawei has made it more expensive and more difficult for Huawei to perform its obligations under the contract between Huawei and Access.

114. Huawei was, and continues to be, harmed by SmartPhone's assertion of the patents-in-suit, with Acacia's backing, against Huawei, and Huawei's customer relationship with Access has been harmed.

115. SmartPhone's wrongful assertion of the patents-in-suit, with Acacia's backing, against Huawei was a substantial factor in causing Huawei's harm.

FIRST AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT

116.   An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning intentional interference with contractual relations.

## COUNT XIII

**(Intentional Interference with Past and Prospective Economic Relations)**

117.   Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

118.   Huawei was, and continues to be, a customer of Access and Huawei benefitted, and would have continued to benefit, from being a customer of Access by selling mobile handsets that incorporated Access' products including Access software.

119.   Upon information and belief, Acacia and/or SmartPhone knew that Huawei was, and is, a customer of Access.

120.   Upon information and belief, Acacia and/or SmartPhone intended to disrupt the customer relationship between Huawei and Access by SmartPhone asserting the patents-in-suit, with Acacia's backing, against Huawei even though Access owns the patents-in-suit.

121.   Upon information and belief, SmartPhone wrongfully asserted the patents-in-suit, with Acacia's backing, against Huawei even though Acacia and/or SmartPhone knew that Access owns the patents-in-suit and that Huawei is a customer of Access.

122.   The customer relationship between Huawei and Access was disrupted by SmartPhone asserting the patents-in-suit, with Acacia's backing.

123.   Huawei was, and continues to be, harmed by SmartPhone's assertion of the patents-in-suit, with Acacia's backing, against Huawei, and Huawei's customer relationship with Access has been harmed.

124.   SmartPhone's wrongful assertion of the patents-in-suit, with Acacia's backing, against Huawei was a substantial factor in causing Huawei's harm.

FIRST AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT

125.   An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning intentional interference with past and prospective economic relations.

## COUNT XIV

**(Negligent Interference with Past and Prospective Economic Relations)**

126.   Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

127.   Huawei was, and continues to be, a customer of Access and Huawei benefitted, and would have continued to benefit, from being a customer of Access by selling mobile handsets that incorporated Access' products, including Access software.

128.   Upon information and belief, Acacia and/or SmartPhone knew or should have known that Huawei was, and is, a customer of Access.

129.   Upon information and belief, Acacia and/or SmartPhone knew or should have known that the customer relationship between Huawei and Access would be disrupted if it failed to act with reasonable care, for example, by SmartPhone asserting the patents-in-suit, with Acacia's backing, against Huawei even though Access owns the patents-in-suit.

130.   Acacia and SmartPhone failed to act with reasonable care by SmartPhone asserting the patents-in-suit, with Acacia's backing, against Huawei.

131.   Upon information and belief, SmartPhone wrongfully asserted the patents-in-suit, with Acacia's backing, against Huawei even though Acacia and/or SmartPhone knew that Access owns the patents-in-suit and knew or should have known that Huawei was, and is, a customer of Access.

132.   The customer relationship between Huawei and Access was disrupted by SmartPhone asserting the patents-in-suit, with Acacia's backing.

FIRST AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT

133. Huawei was, and continues to be, harmed by SmartPhone's assertion of the patents-in-suit, with Acacia's backing, against Huawei, and Huawei's customer relationship with Access has been harmed.

134. SmartPhone's wrongful assertion of the patents-in-suit, with Acacia's backing, against Huawei was a substantial factor in causing Huawei's harm.

135. An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning negligent interference with past and prospective economic relations.

## COUNT XV

### (Unfair Competition in Violation of California Business & Professions Code §§ 17200, *et seq.*)

136. Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

137. Huawei purchases products from Access including Access software for use on certain models of Huawei's mobile handsets.

138. SmartPhone is asserting the patents-in-suit, with Acacia's backing, against Huawei, contending that Huawei has infringed the patents-in-suit.

139. Upon information and belief, Acacia and Access are to receive payment for any money paid to SmartPhone by Huawei relating to the patents-in-suit.

140. Acacia's, Access' and SmartPhone's business practices – including selling products to customers by Access and SmartPhone suing those same customers for the same products – are unlawful, unfair, and/or fraudulent and therefore violate California Business & Professions Code §§ 17200, *et seq.*.

141. As a result of Acacia's, Access' and SmartPhone's acts of unfair competition, Huawei has suffered, and will continue to suffer, damage and Acacia, Access and SmartPhone have been unjustly enriched.

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

142.   By reason of Acacia's, Access' and SmartPhone's acts, Huawei has suffered, and will continue to suffer, irreparable harm, for which Huawei has no adequate remedy at law, unless and until Acacia's, Access' and SmartPhone's conduct is enjoined.

143.   An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning unfair competition.

## DEMAND FOR JURY TRIAL

Huawei demands a trial by jury of any and all issues in this action so triable.

## PRAYER FOR RELIEF

WHEREFORE, Huawei respectfully requests that the Court enter judgment for Huawei, and award it the following relief:

A.   Declare that Huawei has not infringed, and does not infringe, any valid and enforceable asserted claim of the patents-in-suit;

B.   Declare that the asserted claims of the patents-in-suit are invalid;

C.   Award Huawei general, special, consequential, and other damages;

D.   Provide Huawei restitutionary, equitable, and/or injunctive relief;

E.   Find this case an exceptional case and award Huawei its attorneys' fees and costs under 35 U.S.C. § 285 and all other applicable statutes, rules, and laws; and

F.   Grant Huawei such other and further relief as the Court deems appropriate and just under the circumstances.

FIRST AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT

Dated: April 11, 2012

Respectfully submitted,

_____
Jose L. Patiño (CA Bar No. 149568)
jlpatino@jonesday.com
Nicola A. Pisano (CA Bar No. 151282)
napisano@jonesday.com
Christopher C. Bolten (CA Bar No. 268284)
ccbolten@jonesday.com
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA 92130
Phone:      (858) 314-1200
Fax:   (858) 314-1150

Attorneys for Plaintiffs,
FUTUREWEI TECHNOLOGIES,
INC. and HUAWEI DEVICE USA
INC.

- 17 -

# EXHIBIT A

US006950645B1

(12) **United States Patent**
Kammer et al.

(10) **Patent No.:**    **US 6,950,645 B1**
(45) **Date of Patent:**    **Sep. 27, 2005**

(54) **POWER-CONSERVING INTUITIVE DEVICE DISCOVERY TECHNIQUE IN A BLUETOOTH ENVIRONMENT**

(75) Inventors: **David Kammer**, Seattle, WA (US); **E. Michael Lunsford**, San Carlos, CA (US)

(73) Assignee: **PalmSource, Inc.**, Sunnyvale, CA (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 553 days.

(21) Appl. No.: **09/675,047**

(22) Filed: **Sep. 28, 2000**

(51) Int. Cl.$^7$ ................................................. **H04B 1/16**
(52) U.S. Cl. ................... **455/343.1**; 455/41.2; 455/574; 370/338
(58) Field of Search .......................... 455/343.1–343.3, 455/41.2, 41.3, 574; 370/338, 311

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 5,625,882 A | * | 4/1997 | Vook et al. ............... | 455/343.4 |
| 5,657,317 A | * | 8/1997 | Mahany et al. .......... | 455/343.1 |
| 5,682,379 A | * | 10/1997 | Mahany et al. .......... | 455/343.1 |
| 6,438,585 B2 | * | 8/2002 | Mousseau et al. ......... | 455/41.2 |
| 6,529,748 B1 | * | 3/2003 | Bruner ..................... | 455/343.2 |
| 2004/0125776 A1 | * | 7/2004 | Haugli et al. ............... | 370/338 |
| 2004/0218556 A1 | * | 11/2004 | Son et al. ................... | 370/311 |
| 2005/0070340 A1 | * | 3/2005 | Kim ........................... | 455/574 |

* cited by examiner

Primary Examiner—Lana Le
(74) Attorney, Agent, or Firm—Berry & Associates P.C.

(57)    **ABSTRACT**

A method and system for managing when a responder device (a device having a transceiver for wireless communication) is operating in a discoverable mode in a wireless network of devices, such as a Bluetooth network. In the discoverable mode, the responder device is set to scan for and respond to general inquiry messages broadcast from another device (e.g., an initiator device). When in the non-discoverable mode, the responder device will not respond to and/or scan for general inquiry messages broadcast from an initiator device. The responder device automatically enters the discoverable mode when the responder device enters into its awake mode. The responder device automatically enters the non-discoverable mode when the device enters into its sleep mode. Therefore, the responder device will be in discoverable mode for a reduced period of time, and as such will respond to fewer general inquiry messages. Accordingly, fewer messages will be exchanged between devices in the wireless network, simplifying the device discovery process for users and conserving the battery resources of the initiator and responder devices.

**26 Claims, 8 Drawing Sheets**





# Figure 1
# (Prior Art)



Figure 2

Case 8:12-cv-00511-AG-JPR    Document 7    Filed 04/11/12    Page 22 of 25   Page ID #:202



Figure 3

**U.S. Patent**        Sep. 27, 2005        Sheet 4 of 8        US 6,950,645 B1

400



Figure 4



Figure 5

Case 8:12-cv-00511-AG-JPR   Document 7   Filed 04/11/12   Page 25 of 25   Page ID #:205



Figure 6