Jose L. Patiño (CA Bar No. 149568)
jlpatino@jonesday.com
Nicola A. Pisano (CA Bar No. 151282)
napisano@jonesday.com
Christopher C. Bolten (CA Bar No. 268284)
ccbolten@jonesday.com
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA 92130
Phone: (858) 314-1200
Fax: (858) 314-1150

Attorneys for Plaintiffs,
FUTUREWEI TECHNOLOGIES, INC. and
HUAWEI DEVICE USA INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| FUTUREWEI TECHNOLOGIES, INC. and HUAWEI DEVICE USA INC.<br><br>Plaintiffs,<br><br>v.<br><br>ACACIA RESEARCH CORPORATION; ACCESS CO. LTD.; and SMARTPHONE TECHNOLOGIES, LLC<br><br>Defendants. | Case No. 8:12-cv-00511-AG-JPR<br><br>**SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT; DAMAGES; AND INJUNCTIVE RELIEF**<br><br>[PUBLIC VERSION]<br><br>[DEMAND FOR JURY TRIAL] |

Plaintiffs, Futurewei Technologies, Inc. and Huawei Device USA Inc. assert this Second Amended Complaint against Defendants Acacia Research Corporation ("Acacia"), Access Co. Ltd. ("Access"), and SmartPhone Technologies, LLC ("SmartPhone") as follows:

## THE PARTIES

1.     Futurewei Technologies, Inc. is a Texas corporation with its principal place of business at 2330 Central Expressway, Santa Clara, California 95050. Through December 1, 2011, Futurewei Technologies, Inc. marketed and sold Huawei terminal products in the United States.

2.     Huawei Device USA Inc. is a Texas corporation with its principal place of business at 5700 Tennyson Parkway, Suite 600, Plano, Texas 75024. Since December 1, 2011, Huawei Device USA Inc. has marketed and sold Huawei terminal products in the United States.  Futurewei Technologies, Inc. and Huawei Device USA Inc are referred to herein, collectively, as "Huawei."

3.     Upon information and belief, Acacia is a Delaware corporation with its principal place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, California 92660.

4.     Upon information and belief, Access is a limited company under the laws of Japan with its principal place of business at Sumitomo-Fudosan Sarugaku-cho Bldg., 2-8-8 Sarugaku-cho, Chiyoda-ku Tokyo 101-0064 Japan.

5.     Upon information and belief, SmartPhone is a Texas limited liability company with its principal place of business at 6136 Frisco Square Blvd., 4th Floor, Frisco, Texas 75034.  SmartPhone is registered with the Texas Secretary of State as having an address at 500 Newport Center Drive, 7th Floor, Newport Beach, California 92660.

## JURISDICTION AND VENUE

6.     This action is based on the patent laws of Title 35 of the United States Code, § 1 *et seq.*, with a remedy sought under the Federal Declaratory Judgments

Act, 28 U.S.C. §§ 2201 and 2202.  An actual, substantial, and continuing justiciable controversy exists between Huawei, Acacia, Access, and SmartPhone that requires a declaration of rights by this Court.

7.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202, and incident to its supplemental jurisdiction over state law claims, including claims pursuant to California Business & Professions Code §§ 17200, *et seq*.

8.    This Court has personal jurisdiction over SmartPhone.  Upon information and belief, SmartPhone conducts business in this District including seeking to monetize its patent portfolio (including the patents-in-suit) in this District and has an address in this District registered with the Texas Secretary of State.  SmartPhone assumed rights, obligations, interests and liabilities from Acacia to an Exclusive License Agreement between Access and Acacia, wherein, among other things, Access and Acacia irrevocably consented to the exclusive jurisdiction of any state or federal court in this District over any suit, action or proceeding arising out of or relating to the Agreement.  Upon information and belief, SmartPhone is owned by Acacia, over which this Court also has personal jurisdiction.  Acacia conducts business in this District and has its principal place of business in this District at 500 Newport Center Drive, 7th Floor, Newport Beach, California 92660.

9.    This Court has personal jurisdiction over Access.  Upon information and belief, Access conducts business in this District.  Access and Acacia entered into an Exclusive License Agreement, wherein, among other things, Access and Acacia irrevocably consented to the exclusive jurisdiction of any state or federal court in this District over any suit, action or proceeding arising out of or relating to the Agreement.

10.    Venue is proper in this District pursuant to 28 U.S.C. § 1391.

SECOND AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT

## FACTUAL BACKGROUND

11.    On April 3, 2012, SmartPhone sued each Huawei, Huawei Technologies Co., Ltd., and Huawei Technologies USA Inc., for patent infringement of U.S. Patent Nos. 6,950,645, 6,466,236, 6,928,300, 7,664,485, and 6,173,316 (collectively, the "patents-in-suit") in the United States District Court for the Eastern District of Texas.

12.    U.S. Patent No. 6,950,645 (the "'645 patent") is entitled "Power-Conserving Intuitive Device Discovery Technique In A Bluetooth Environment" and issued on September 27, 2005.  Attached as Exhibit A is a copy of the '645 patent.

13.    U.S. Patent No. 6,466,236 (the "'236 patent") is entitled "System And Method For Displaying And Manipulating Multiple Calendars On A Personal Digital Assistant" and issued on October 15, 2002.  Attached as Exhibit B is a copy of the '236 patent.

14.    U.S. Patent No. 6,928,300 (the "'300 patent") is entitled "Method And Apparatus For Automated Flexible Configuring Of Notifications And Activation" and issued on August 9, 2005.  Attached as Exhibit C is a copy of the '300 patent.

15.    U.S. Patent No. 7,664,485 (the "'485 patent") is entitled "Making A Phone Call From An Electronic Device Having An Address List Or A Call History List" and issued on February 16, 2010.  Attached as Exhibit D is a copy of the '485 patent.

16.    U.S. Patent No. 6,173,316 (the "'316 patent") is entitled "Wireless Communication Device With Markup Language Based Man-Machine Interface" and issued on January 9, 2001.  Attached as Exhibit E is a copy of the '316 patent.

17.    Upon information and belief, in 2005 Access acquired PalmSource, Inc. ("PalmSource").

18.    Upon information and belief, Access acquired patent rights, including rights to the patents-in-suit, as part of its acquisition of PalmSource.

SECOND AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT

19.    Upon information and belief, Access licensed patents it acquired from PalmSource to Acacia, including the patents-in-suit.

20.    Attached as Exhibit F is a copy of the Exclusive License Agreement between Access and Acacia dated July 31, 2009 ("the Exclusive License Agreement"), regarding a group of patents, including the '645 patent in suit here.

21.    Attached as Exhibit G is a copy of an Amendment to the Exclusive License Agreement dated September 30, 2009 (the "First Amendment") regarding a group of patents and applications, including U.S. Application No. 11/927,698 (the "'698 application"), which matured into the '485 patent in suit here.

22.    Attached as Exhibit H is a copy of an Assignment and Assumption Agreement between Acacia and SmartPhone dated December 14, 2009 (the "Assignment and Assumption Agreement").

23.    Attached as Exhibit I is a copy of a Second Amendment to the Exclusive License Agreement and the First Amendment dated May 21, 2010 (the "Second Amendment") regarding, among others, the '316 patent in suit here.

24.    Attached as Exhibit J is a copy of a Third Amendment to the Exclusive License Agreement and the First and Second Amendments dated January 13, 2011 (the "Third Amendment").

25.    Attached as Exhibit K is a copy of a Fourth Amendment to the Exclusive License Agreement and the First, Second, and Third Amendments dated July 19, 2009 (the "Fourth Amendment") regarding a group of patents, including the '236 patent in suit here.

26.    Attached as Exhibit L is a copy of a Fifth Amendment to the Exclusive License Agreement and the First, Second, Third, and Fourth Amendments dated October 24, 2011 (the "Fifth Amendment") regarding a group of patents, including the '300 patent in suit here.

SECOND AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT

27.    Attached as Exhibit M is a copy of an Assignment between SmartPhone and Access dated December 29, 2011 (the "Assignment") regarding a group of patents, including the '316 patent in suit here.

28.    Attached as Exhibit N is a copy of a Sixth Amendment to the Exclusive License Agreement and the First, Second, Third, Fourth, and Fifth Amendments dated March 19, 2012 (the "Sixth Amendment") regarding the '316 patent in suit here.

29.    Access did not assign all substantial rights in the patents-in-suit to Acacia or SmartPhone in the Exclusive License Agreement or in any amendments thereto.

30.    Upon information and belief, Acacia owns SmartPhone.

31.    Upon information and belief, Acacia and Access are to receive payment for any money paid to SmartPhone by Huawei relating to the patents-in-suit.

32.    The Huawei entities are networking and telecommunications equipment and services companies that market and sell mobile handsets commonly referred to as cellular telephones or smartphones.

33.    Huawei has been a customer of Access for over ten years and currently is a customer of Access.

34.    Huawei and Access are parties to a contract pursuant to which Huawei purchases Access products, including software for use on certain models of Huawei's mobile handsets.

35.    Upon information and belief, Acacia and/or SmartPhone knew of the contract between Huawei and Access.

36.    Huawei was not a party to the Exclusive License Agreement or any amendments thereto.

37.    Huawei expected that Access would protect its customers from third party lawsuits asserting patents owned by Access.

38. Access did provide protections for its direct and indirect customers from third party lawsuits asserting patents owned by Access.

## COUNT I

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,950,645)**

39. Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

40. Upon information and belief, Access owns the '645 patent.

41. Access licensed the '645 patent to Acacia in the Exclusive License Agreement.

42. Acacia purported to assign its license to the '645 patent to SmartPhone in the Assignment and Assumption Agreement.

43. Upon information and belief, SmartPhone is acting as Acacia's alter ego.

44. SmartPhone is asserting the '645 patent against Huawei, contending that Huawei has infringed the '645 patent.

45. Huawei contends that it has not infringed, and does not infringe, any valid and enforceable asserted claim of the '645 patent.

46. An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning the alleged infringement of the '645 patent.

## COUNT II

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,466,236)**

47. Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

48. Upon information and belief, Access owns the '236 patent.

49. Access licensed the '236 patent to SmartPhone in the Fourth Amendment to the Exclusive License Agreement.

SECOND AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT

50.    Upon information and belief, SmartPhone is acting as Acacia's alter ego.

51.    SmartPhone is asserting the '236 patent against Huawei, contending that Huawei has infringed the '236 patent.

52.    Huawei contends that it has not infringed, and does not infringe, any valid and enforceable asserted claim of the '236 patent.

53.    An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning the alleged infringement of the '236 patent.

## COUNT III

## (Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,928,300)

54.    Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

55.    Upon information and belief, Access owns the '300 patent.

56.    Access licensed the '300 patent to SmartPhone in the Fifth Amendment to the Exclusive License Agreement.

57.    Upon information and belief, SmartPhone is acting as Acacia's alter ego.

58.    SmartPhone is asserting the '300 patent against Huawei, contending that Huawei has infringed the '300 patent.

59.    Huawei contends that it has not infringed, and does not infringe, any valid and enforceable asserted claim of the '300 patent.

60.    An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning the alleged infringement of the '300 patent.

SECOND AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT

## COUNT IV

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,664,485)**

61.    Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

62.    Upon information and belief, Access owns the '485 patent.

63.    Access licensed the '698 application which matured into the '485 patent to Acacia in the First Amendment to the Exclusive License Agreement.

64.    Acacia purported to assign its license to the '698 application to SmartPhone in the Assignment and Assumption Agreement.

65.    Upon information and belief, SmartPhone is acting as Acacia's alter ego.

66.    SmartPhone is asserting the '485 patent against Huawei, contending that Huawei has infringed the '485 patent.

67.    Huawei contends that it has not infringed, and does not infringe, any valid and enforceable asserted claim of the '485 patent.

68.    An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning the alleged infringement of the '485 patent.

## COUNT V

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,173,316)**

69.    Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

70.    Upon information and belief, Access owns the '316 patent.

71.    Access licensed the '316 patent to SmartPhone in the Second Amendment to the Exclusive License Agreement.

72.    SmartPhone assigned its rights, obligations, interests and liabilities for the '316 patent to Access in the Assignment.

SECOND AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT

- 9 -

73.    Access and SmartPhone amended the group of patents licensed in the Exclusive License Agreement and the First, Second, Third, Fourth, and Fifth Amendments to include the '316 patent in the Sixth Amendment to the Exclusive License Agreement.

74.    Upon information and belief, SmartPhone is acting as Acacia's alter ego.

75.    SmartPhone is asserting the '316 patent against Huawei, contending that Huawei has infringed the '316 patent.

76.    Huawei contends that it has not infringed, and does not infringe, any valid and enforceable asserted claim of the '316 patent.

77.    An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning the alleged infringement of the '316 patent.

## COUNT VI

**(Declaratory Judgment of Invalidity of U.S. Patent No. 6,950,645)**

78.    Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

79.    Upon information and belief, Access owns the '645 patent.

80.    Access licensed the '645 patent to Acacia in the Exclusive License Agreement.

81.    Acacia purported to assign its license to the '645 patent to SmartPhone in the Assignment and Assumption Agreement.

82.    Upon information and belief, SmartPhone is acting as Acacia's alter ego.

83.    SmartPhone is asserting the '645 patent against Huawei, contending that the '645 patent is valid.

84.    Huawei contends that the claims of the '645 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

SECOND AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT

85. An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning the alleged validity of the '645 patent.

## COUNT VII

### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,466,236)

86. Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

87. Upon information and belief, Access owns the '236 patent.

88. Access licensed the '236 patent to SmartPhone in the Fourth Amendment to the Exclusive License Agreement.

89. Upon information and belief, SmartPhone is acting as Acacia's alter ego.

90. SmartPhone is asserting the '236 patent against Huawei, contending that the '236 patent is valid.

91. Huawei contends that the claims of the '236 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

92. An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning the alleged validity of the '236 patent.

## COUNT VIII

### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,928,300)

93. Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

94. Upon information and belief, Access owns the '300 patent.

95. Access licensed the '300 patent to SmartPhone in the Fifth Amendment to the Exclusive License Agreement.

96. Upon information and belief, SmartPhone is acting as Acacia's alter ego.

97. SmartPhone is asserting the '300 patent against Huawei, contending that the '300 patent is valid.

SECOND AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT

98.    Huawei contends that the claims of the '300 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

99.    An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning the alleged validity of the '300 patent.

## COUNT IX

### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,664,485)

100.    Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

101.    Upon information and belief, Access owns the '485 patent.

102.    Access licensed the '698 application which matured into the '485 patent to Acacia in the First Amendment to the Exclusive License Agreement.

103.    Acacia purported to assign its license to the '698 application to SmartPhone in the Assignment and Assumption Agreement.

104.    Upon information and belief, SmartPhone is acting as Acacia's alter ego.

105.    SmartPhone is asserting the '485 patent against Huawei, contending that the '485 patent is valid.

106.    Huawei contends that the claims of the '485 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

107.    An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning the alleged validity of the '485 patent.

## COUNT X

### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,173,316)

108.    Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

109.    Upon information and belief, Access owns the '316 patent.

110.    Access licensed the '316 patent to SmartPhone in the Second Amendment to the Exclusive License Agreement.

111. SmartPhone assigned its rights, obligations, interests and liabilities for the '316 patent to Access in the Assignment.

112. Access and SmartPhone amended the group of patents licensed in the Exclusive License Agreement and the First, Second, Third, Fourth, and Fifth Amendments to include the '316 patent in the Sixth Amendment to the Exclusive License Agreement.

113. Upon information and belief, SmartPhone is acting as Acacia's alter ego.

114. SmartPhone is asserting the '316 patent against Huawei, contending that the '316 patent is valid.

115. Huawei contends that the claims of the '316 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

116. An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning the alleged validity of the '316 patent.

## COUNT XI

### (Enforcement of Rights as a Third-Party Beneficiary)

117. Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

118. Access entered into the Exclusive License Agreement and First Amendment with Acacia in which the '645 patent and the '698 application that matured into the '485 patent were licensed to Acacia, respectively.

119. Acacia purported to assign its rights, obligations, interests and liabilities in the Exclusive License Agreement and the First Amendment to SmartPhone in the Assignment and Assumption Agreement.

120. Access and SmartPhone further amended the Exclusive License Agreement to include the '316 patent, the '236 patent, the '300 patent, and again the '316 patent in the Second, Fourth, Fifth, and Sixth Amendments, respectively.

121. Upon information and belief, Acacia owns SmartPhone.

SECOND AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT

122.   Upon information and belief, SmartPhone is acting as Acacia's alter ego.

123.   Huawei was not a party to the Exclusive License Agreement or any amendments thereto.

124.   Huawei has been and is a customer of Access.

125.   [ REDACTED ].

126.   SmartPhone is bound by Section 2.1 of the Exclusive License Agreement pursuant to the Assignment and Assumption Agreement.

127.   Any provisions of the Exclusive License Agreement and related amendments inconsistent with those specific rights contracted for the benefit of direct or indirect customers of Access are either unenforceable or modified by virtue of those specific benefits afforded to such customers.

128.   [ REDACTED ].

129.   SmartPhone is asserting the patents-in-suit against Huawei, contending that Huawei has infringed the patents-in-suit.

130.   An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning the rights of Huawei as a third-party beneficiary.

## COUNT XII

### (Intentional Interference with Contractual Relations)

131.   Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

132.   Huawei and Access are parties to a contract pursuant to which Huawei purchases Access products, including software for use on certain models of Huawei's mobile handsets.

133.   Upon information and belief, Acacia and/or SmartPhone knew of the contract between Huawei and Access.

134.   Upon information and belief, SmartPhone is acting as Acacia's alter ego.

135.   Upon information and belief, Acacia and/or SmartPhone intended to disrupt the performance of the contract between Huawei and Access by SmartPhone asserting the patents-in-suit against Huawei even though Access owns the patents-in-suit.

136.   SmartPhone's assertion of the patents-in-suit against Huawei, with Acacia's backing, has made it more expensive and more difficult for Huawei to perform its obligations under the contract between Huawei and Access.

137.   Huawei was, and continues to be, harmed by SmartPhone's assertion of the patents-in-suit against Huawei, with Acacia's backing, and Huawei's customer relationship with Access has been harmed.

138.   SmartPhone's wrongful assertion of the patents-in-suit against Huawei, with Acacia's backing, was a substantial factor in causing Huawei's harm.

139.   An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning intentional interference with contractual relations.

## COUNT XIII

### (Intentional Interference with Past and Prospective Economic Relations)

140.   Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

141.   Huawei was, and continues to be, a customer of Access and Huawei benefitted, and would have continued to benefit, from being a customer of Access by selling mobile handsets that incorporate Access' products including Access software.

142.   Upon information and belief, Acacia and/or SmartPhone knew that Huawei was, and is, a customer of Access.

SECOND AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT

- 15 -

143. Upon information and belief, SmartPhone is acting as Acacia's alter ego.

144. Upon information and belief, Acacia and/or SmartPhone intended to disrupt the customer relationship between Huawei and Access by SmartPhone asserting the patents-in-suit against Huawei, with Acacia's backing, even though Access owns the patents-in-suit.

145. Upon information and belief, SmartPhone wrongfully asserted the patents-in-suit against Huawei, with Acacia's backing, even though Acacia and/or SmartPhone knew that Access owns the patents-in-suit and that Huawei is a customer of Access.

146. The customer relationship between Huawei and Access was disrupted by SmartPhone asserting the patents-in-suit against Huawei, with Acacia's backing.

147. Huawei was, and continues to be, harmed by SmartPhone's assertion of the patents-in-suit against Huawei, with Acacia's backing, and Huawei's customer relationship with Access has been harmed.

148. SmartPhone's wrongful assertion of the patents-in-suit against Huawei, with Acacia's backing, was a substantial factor in causing Huawei's harm.

149. An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning intentional interference with past and prospective economic relations.

## COUNT XIV

**(Negligent Interference with Past and Prospective Economic Relations)**

150. Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

151. Huawei was, and continues to be, a customer of Access and Huawei benefitted, and would have continued to benefit, from being a customer of Access by selling mobile handsets that incorporated Access' products, including Access software.

SECOND AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT

152. Upon information and belief, Acacia and/or SmartPhone knew or should have known that Huawei was, and is, a customer of Access.

153. Upon information and belief, SmartPhone is acting as Acacia's alter ego.

154. Upon information and belief, Acacia and/or SmartPhone knew or should have known that the customer relationship between Huawei and Access would be disrupted if it failed to act with reasonable care, for example, by SmartPhone asserting the patents-in-suit against Huawei, with Acacia's backing, even though Access owns the patents-in-suit.

155. Acacia and SmartPhone failed to act with reasonable care by SmartPhone asserting the patents-in-suit against Huawei, with Acacia's backing.

156. Upon information and belief, SmartPhone wrongfully asserted the patents-in-suit against Huawei, with Acacia's backing, even though Acacia and/or SmartPhone knew that Access owns the patents-in-suit and knew or should have known that Huawei was, and is, a customer of Access.

157. The customer relationship between Huawei and Access was disrupted by SmartPhone asserting the patents-in-suit against Huawei, with Acacia's backing.

158. Huawei was, and continues to be, harmed by SmartPhone's assertion of the patents-in-suit against Huawei, with Acacia's backing, and Huawei's customer relationship with Access has been harmed.

159. SmartPhone's wrongful assertion of the patents-in-suit against Huawei, with Acacia's backing, was a substantial factor in causing Huawei's harm.

160. An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning negligent interference with past and prospective economic relations.

SECOND AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT

## COUNT XV

### (Unfair Competition in Violation of California Business & Professions Code §§ 17200, *et seq.*)

161. Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

162. Huawei purchases products from Access, including Access software, for use on certain models of Huawei's mobile handsets.

163. SmartPhone is asserting the patents-in-suit against Huawei, with Acacia's backing, contending that Huawei has infringed the patents-in-suit.

164. Upon information and belief, SmartPhone is acting as Acacia's alter ego.

165. [ REDACTED ].

166. Upon information and belief, Acacia is to receive payment for any money paid to SmartPhone by Huawei relating to the patents-in-suit.

167. Acacia's, Access' and SmartPhone's business practices – including selling products to customers by Access, on the one hand, and SmartPhone suing those same customers, on the other – are unlawful, unfair, and/or fraudulent and therefore violate California Business & Professions Code §§ 17200, *et seq.*

168. As a result of Acacia's, Access' and SmartPhone's acts of unfair competition, Huawei has suffered, and will continue to suffer, damage and Acacia, Access and SmartPhone have been unjustly enriched.

169. By reason of Acacia's, Access' and SmartPhone's acts, Huawei has suffered, and will continue to suffer, irreparable harm, for which Huawei has no adequate remedy at law, unless and until Acacia's, Access' and SmartPhone's conduct is enjoined.

170. An actual and justiciable controversy has thus arisen between Huawei, Acacia, Access, and SmartPhone concerning unfair competition.

SECOND AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT

## COUNT XVI

### (Alter Ego Liability)

171. Huawei realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs of this Complaint.

172. Upon information and belief, SmartPhone is owned by Acacia.

173. Acacia purported to assign its entire rights, obligations, interests and liabilities in the Exclusive License Agreement and the First Amendment to SmartPhone in the Assignment and Assumption Agreement dated December 14, 2009.

174. Upon information and belief, SmartPhone is acting as Acacia's alter ego as evidenced by Acacia licensing patents to Microsoft in October 2010, over 10 months after Acacia and SmartPhone entered into the Assignment and Assumption Agreement that allegedly assigned all Acacia's rights, obligations, interests and liabilities in the patents licensed under the Exclusive License Agreement and the First Amendment to SmartPhone.

175. An adherence to the fiction of the separate existence of SmartPhone and Acacia would promote injustice because it would be unjust for SmartPhone to pose as the exclusive licensee to assert the patents-in-suit, while Acacia continues to pose as the exclusive licensee and enters into licensing agreements for those same patents.

### DEMAND FOR JURY TRIAL

Huawei demands a trial by jury of any and all issues in this action so triable.

### PRAYER FOR RELIEF

WHEREFORE, Huawei respectfully requests that the Court enter judgment for Huawei, and award it the following relief:

A. Declare that Huawei has not infringed, and does not infringe, any valid and enforceable asserted claim of the patents-in-suit;

B. Declare that the asserted claims of the patents-in-suit are invalid;

SECOND AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT

C.   Declare Acacia the alter ego of SmartPhone;

D.   Award Huawei general, special, consequential, and other damages;

E.   Provide Huawei restitutionary, equitable, and/or injunctive relief;

F.   Find this case an exceptional case and award Huawei its attorneys' fees and costs under 35 U.S.C. § 285 and all other applicable statutes, rules, and laws; and

G.   Grant Huawei such other and further relief as the Court deems appropriate and just under the circumstances.

Dated: June 6, 2012

Respectfully submitted,

_____
Jose L. Patiño (CA Bar No. 149568)
jlpatino@jonesday.com
Nicola A. Pisano (CA Bar No. 151282)
napisano@jonesday.com
Christopher C. Bolten (CA Bar No. 268284)
ccbolten@jonesday.com
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA 92130
Phone:      (858) 314-1200
Fax:   (858) 314-1150

Attorneys for Plaintiffs,
FUTUREWEI TECHNOLOGIES, INC. and HUAWEI DEVICE USA INC.

SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

- 20 -

# EXHIBIT A

US006950645B1

## (12) United States Patent
### Kammer et al.

(10) Patent No.: **US 6,950,645 B1**
(45) Date of Patent: **Sep. 27, 2005**

(54) **POWER-CONSERVING INTUITIVE DEVICE DISCOVERY TECHNIQUE IN A BLUETOOTH ENVIRONMENT**

(75) Inventors: **David Kammer**, Seattle, WA (US); **E. Michael Lunsford**, San Carlos, CA (US)

(73) Assignee: **PalmSource, Inc.**, Sunnyvale, CA (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 553 days.

(21) Appl. No.: **09/675,047**

(22) Filed: **Sep. 28, 2000**

(51) Int. Cl.$^7$ ................................................. H04B 1/16

(52) U.S. Cl. ................ 455/343.1; 455/41.2; 455/574; 370/338

(58) Field of Search .......................... 455/343.1–343.3, 455/41.2, 41.3, 574; 370/338, 311

(56) **References Cited**

#### U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 5,625,882 A | * | 4/1997 | Vook et al. | 455/343.4 |
| 5,657,317 A | * | 8/1997 | Mahany et al. | 455/343.1 |
| 5,682,379 A | * | 10/1997 | Mahany et al. | 455/343.1 |
| 6,438,585 B2 | * | 8/2002 | Mousseau et al. | 455/41.2 |
| 6,529,748 B1 | * | 3/2003 | Bruner | 455/343.2 |
| 2004/0125776 A1 | * | 7/2004 | Haugli et al. | 370/338 |
| 2004/0218556 A1 | * | 11/2004 | Son et al. | 370/311 |
| 2005/0070340 A1 | * | 3/2005 | Kim | 455/574 |

* cited by examiner

Primary Examiner—Lana Le
(74) Attorney, Agent, or Firm—Berry & Associates P.C.

(57) **ABSTRACT**

A method and system for managing when a responder device (a device having a transceiver for wireless communication) is operating in a discoverable mode in a wireless network of devices, such as a Bluetooth network. In the discoverable mode, the responder device is set to scan for and respond to general inquiry messages broadcast from another device (e.g., an initiator device). When in the non-discoverable mode, the responder device will not respond to and/or scan for general inquiry messages broadcast from an initiator device. The responder device automatically enters the discoverable mode when the responder device enters into its awake mode. The responder device automatically enters the non-discoverable mode when the device enters into its sleep mode. Therefore, the responder device will be in discoverable mode for a reduced period of time, and as such will respond to fewer general inquiry messages. Accordingly, fewer messages will be exchanged between devices in the wireless network, simplifying the device discovery process for users and conserving the battery resources of the initiator and responder devices.

**26 Claims, 8 Drawing Sheets**



Case 8:12-cv-00511-AG-JPR Document 27 Filed 06/06/12 Page 23 of 25 Page ID #:420



Figure 1
(Prior Art)



200

201

202

280d

280f

280a

220

250

270

210

240

280e

280c

260

280b

230

# Figure 2

**U.S. Patent**      Sep. 27, 2005      Sheet 3 of 8      US 6,950,645 B1



Figure 3