MARC J. SCHNEIDER, State Bar No. 214609
  mschneider@sycr.com
STEPHEN L. RAM, State Bar No. 240769
  sram@sycr.com
MATTHEW T. MONTGOMERY, State Bar No. 260149
  mmontgomery@sycr.com
STRADLING YOCCA CARLSON & RAUTH
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone:  (949) 725-4000
Facsimile:  (949) 725-4100

Attorneys for Defendant
ACACIA RESEARCH CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUTUREWEI TECHNOLOGIES, INC. and HUAWEI DEVICE USA INC., <br><br> Plaintiffs, <br><br> vs. <br><br> ACACIA RESEARCH CORPORATION; ACCESS CO. LTD.; and SMARTPHONE TECHNOLOGIES, LLC, <br><br> Defendants. | CASE NO. SACV12-0511 AG (JPRx) <br><br> **DEFENDANT ACACIA RESEARCH CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> *[Filed concurrently with Notice of Joinder]* <br><br> <u>Hearing:</u> <br> Date:     August 27, 2012 <br> Time:     10:00 a.m. <br> Ctrm:    10D |

## <u>NOTICE OF MOTION</u>

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 27, 2012 at 10:00 a.m., or as soon thereafter as the matter may be heard, in this Court, located at United States District Court, Southern Division of Central District, 411 West Fourth Street, Dept./Room 10D, Santa Ana, CA 92701, defendant Acacia Research Corporation ("ARC") will and hereby does move for an order to dismiss the Second Amended Complaint ("SAC") of Futurewei Technologies, Inc. and Huawei Device USA, Inc. for failure to state a claim upon which relief can be granted on Claims One through Sixteen pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, ARC moves to dismiss Claims One through Eleven of the SAC for want of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

This motion is based upon this notice of motion and motion, the attached memorandum, and the separately filed joinder, and upon such other and further matters, papers and arguments as may be submitted to the Court at or before the hearing on this motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 that took place on July 11, 2012.

Dated:  July 16, 2012

Respectfully submitted,

STRADLING YOCCA CARLSON & RAUTH
A Professional Corporation


By:  /s/ Stephen L. Ram
Marc J. Schneider
Stephen L. Ram
Matthew T. Montgomery
Attorneys for Defendant ACACIA RESEARCH
CORPORATION

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

- 1 -

NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT

LITIOC/2043953v8/101022-0052

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION .................................................................... - 1 -

II.     STATEMENT OF FACTS AND RELEVANT PROCEDURAL
        HISTORY ............................................................................. - 3 -

        A.      The SAC Alleges ARC's Interest In The Patents, But The
                SAC's Exhibits Contradict Those Allegations. ..................... - 3 -

        B.      SmartPhone Files Suit Against Plaintiffs. ............................. - 4 -

        C.      Plaintiffs Reflexively File This Action Asserting Additional
                State Law Claims And Joining A California Resident. ............. - 4 -

III.    ARGUMENT ........................................................................ - 4 -

        A.      Legal Standard ................................................................ - 4 -

        B.      The SAC Does Not And Cannot State A "Case Or
                Controversy" For Declaratory Relief Claims 1-10. ............... - 6 -

                1.      There Is No Case Or Controversy Between ARC And
                        Plaintiffs Because There Is No Adverse Legal Interest
                        Between The Parties. ............................................. - 6 -

                2.      The SAC Does Not Allege ARC Took Any Affirmative
                        Act To Enforce Any Right Concerning The Patents-In-
                        Suit. .................................................................. - 12 -

        C.      Claim 11 Fails To State A Basis For A Third Party Beneficiary
                Declaration Because ARC Is Not A Party To The Purported
                Agreements And ARC Has Not Attempted To Enforce Rights
                The Patents. ................................................................. - 13 -

                1.      ARC Has No Adverse Legal Interest To Create A "Case
                        Or Controversy." ................................................ - 13 -

                2.      The SAC Does Not Allege Any Affirmative Act For An
                        Injury In Fact. .................................................... - 14 -

        D.      The Tortious Interference Claims Fail. ................................ - 14 -

                1.      The Noerr Pennington Doctrine Bars The State Laws
                        Claims Arising From The Infringement Action. ............ - 14 -

                2.      The California Litigation Privilege Also Bars These
                        Claims. ............................................................. - 17 -

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2043953v8/101022-0052

3.    The FAC Fails To Allege Necessary Elements To State A
Tortious Interference Claim..................................................... - 18 -

4.    Claims 13 And 14 Also Fail Because The SAC Does Not
Allege Any Independently Wrongful Act. .......................... - 19 -

E.    The SAC Fails To State A Section 17200 Claim Because There
Is No Predicate Violation Of Law................................................ - 20 -

F.    The Alter Ego Liability Allegations Fail. ...................................... - 20 -

1.    The SAC Incorrectly Asserts Alter Ego Liability As An
Independent Claim............................................................. - 20 -

2.    The SAC Does Not State An Alter Ego "Claim" Because
The SAC Fails To Allege Essential Requirements For
Such A Theory. ................................................................. - 21 -

G.    Leave To Amend.......................................................................... - 25 -

IV.    CONCLUSION .......................................................................................... - 25 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

ii

TABLE OF CONTENTS

# TABLE OF AUTHORITIES

## FEDERAL CASES

**Page**

*Ahcom, Ltd. v. Smeding,*
  623 F.3d 1248 (9th Cir. 2010) ................................................................21

*Arris Group Inc. v. British Telecommunication PLC,*
  639 F.3d 1368 (Fed. Cir. 2011) ...............................................................6

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009).................................................................5, 19, 20

*Association for Molecular Pathology v. United States PTO,*
  653 F.3d 1329 (Fed. Cir. 2011) ..............................................................12

*Baltimore Scrap Corp. v. David J. Joseph Co.,*
  237 F.3d 394 (4th Cir. 2000) ..................................................................16

*Beam Laser System, Inc. v. Cox Communications, Inc.,*
  117 F. Supp. 2d 515 (E.D. Va. 2000) .......................................................8

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007).................................................................3, 5, 19

*Brownsville Golden Age Nursing Home, Inc. v. Wells,*
  839 F.2d 155 (3d Cir. 1988) ..................................................................16

*Cellco Partnership v. Hope, No. CV11-0432-PHX-DGC,*
  2012 U.S. Dist. LEXIS 10621 (D. Ariz. Jan. 30, 2012)................................15

*Colony Cove Properties, LLC v. City of Carson,*
  640 F.3d 948 (9th Cir. 2011) ...............................................................3, 7

*Daniels-Hall v. National Education Association,*
  629 F.3d 992 (9th Cir. 2010) ...................................................................7

*Depuy, Inc. v. Zimmer Holdings, Inc.,*
  384 F. Supp. 2d 1237 (N.D. Ill. 2005)......................................................8

*Doe v. Unocal Corp.,*
  248 F.3d 915 (9th Cir. 2001) ............................................................21, 24

*Dole Food Co. v. Patrickson,*
  538 U.S. 468 (2003).............................................................................10

*Drawsand v. F.F. Properties, LLC, No. C 10-3937 SBA,*
  2011 U.S. Dist. LEXIS 116442 (N.D. Cal. Sept. 30, 2011)..........................15

*eCash Technologies v. Guagliardo,*
  210 F. Supp. 2d 1138 (C.D. Cal. 2001)....................................................18

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

TABLE OF AUTHORITIES

*Fina Research S.A. v. Baroid Drilling Fluids, Inc.*,
  141 F.3d 1479 (Fed. Cir. 1996) ............................................................. 6

*Franchise Realty Interstate Corp. v. San Francisco Local Jt. Exec. Board of Culinary Workers*,
  542 F.2d, 1082-83 (9th Cir. 1976) ....................................................... 17

*Friedman v. 24 Hour Fitness USA, Inc.*,
  580 F. Supp. 2d 985 (C.D. Cal 2008) ................................................... 24

*Fru-Con Construction Corp. v. Sacramento Municipal Utility District*,
  Number Civ. S-05-583 LKK,
  2007 U.S. Dist. LEXIS 64017 (E.D. Cal. Aug. 17, 2007) ..................... 25

*GMP Technology, LLC v. Zicam, LLC*,
  No. 08-C-7077, 2009 U.S. Dist. LEXIS 115523 (N.D. Ill. Dec. 9, 2009) ......... 10

*GPS Industrial, Inc. v. Altex Corp.*,
  Civ. No. 3:07-CV-0831-K, 2009 U.S. Dist. LEXIS 67480 (N.D. Tex. July 27, 2009) ....................................................................................... 9

*Guidiville Band of Pomo Indians v. NGV Gaming, LTD.*,
  531 F.3d 767 (9th Cir. 2008) ................................................................ 18

*Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*,
  599 F.3d 1377 (Fed. Cir. 2010) ............................................................ 12

*Alta Bates Summit Med. Ctr. v. United of Omaha Life Ins. Co.*,
  2009 U.S. Dist. LEXIS 40172 (N.D. Cal. Apr. 28, 2009) ..................... 20

*Jackson v. Carey*,
  353 F.3d 750 (9th Cir. 2003) ............................................................ 5, 25

*Katzir's Floor & Home Design, Inc. v. M-MLS.com*,
  394 F.3d 1143 (9th Cir. 2004) ................................................ 11, 22, 24

*Kottle v. NW Kidney Ctrs.*,
  146 F.3d 1056 (9th Cir. 1998) .............................................................. 16

*Liberty Lake Investments v. Magnuson*,
  12 F.3d 155 (9th Cir. 1993) .................................................................. 16

*Local 159 v. Nor-Cal Plumbing, Inc.*,
  185 F.3d 978 (9th Cir. Cal. 1999) ........................................................ 21

*Maritimes, Inc. v. Coin Acceptors, Inc.*,
  527 F.3d 1359 (Fed. Cir. 2008) .............................................................. 7

*MedicalImmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118 (2007) ................................................................................ 6

*Merial Ltd v. Intervet, Inc.*,
  430 F. Supp. 2d 1357 (N.D. Ga. 2006) .................................................. 8

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

iv

TABLE OF AUTHORITIES

*Neilson v. Union Bank of Cal., N.A.,*
290 F. Supp. 2d 1101 (C.D. Cal. 2003)................................................................24

*In re Netflix Antitrust Litigation,*
506 F. Supp. 2d 308 (N.D. Cal. 2007)................................................................13

*Newmatic Sound System v. Magnacoustics, Inc., No. C 10-00129 JSW,*
2010 U.S. Dist. LEXIS 40018 (N.D. Cal. Apr. 23, 2010)................................10

*Nordberg v. Trilegiant Corp.,*
445 F. Supp. 2d 1082 (N.D. Cal. 2006)................................................................24

*Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend,*
163 F.3d 449 (7th Cir. 1999) ................................................................8

*Jimena v. UBS AG Bank, Inc.,*
2008 U.S. Dist. LEXIS 93853 (E.D. Cal. July 15, 2008)................................24

*Olympic Capital Corp. v. Newman,*
276 F. Supp. 646 (C.D. Cal 1967)................................................................11

*Peacock v. Thomas,*
516 U.S. 349, 133 L. Ed. 2d 817, 116 S. Ct. 862 (1996) ................................21

*Perfect 10, Inc. v. Yandex N.V., Number C 12-01521 WHA,*
2012 U.S. Dist. LEXIS 80661 (N.D. Cal. June 11, 2012) ................................25

*Pollard v. Geo Group, Inc.,*
607 F.3d 583 (9th Cir. 2010) ................................................................5

*Eclectic Props. East, LLC v. Marcus & Millichap Co.,*
2012 U.S. Dist. LEXIS 28865 (N.D. Cal. Mar. 5, 2012) ................................24

*SanDisk Corp. v. STMicroelectronics, Inc.,*
480 F.3d 1372 (Fed. Cir. 2007) ................................................................12

*Site Microsurgical System, Inc. v. The Cooper Cos., Inc.,*
797 F. Supp. 333 (D. Del. 1992) ................................................................8

*Slottow v. America Casualty Co.,*
10 F.3d 1355 (9th Cir. 1993)................................................................22

*Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.,*
620 F.3d 1305 (Fed. Cir. 2010) ................................................................8

*Sprewell v. Golden State Warriors,*
266 F.3d 979 (9th Cir. 2000)................................................................7

*Starr v. Baca,*
633 F.3d 1191 (9th Cir. 2011) ................................................................5

*Telesaurus VPC, LLC v. Power,*
623 F.3d 998 (9th Cir. 2010) ................................................................5, 25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

v

TABLE OF AUTHORITIES

*Theme Promotions, Inc. v. News America Marketing FSI, Inc.,*
731 F. Supp. 2d 937 (N.D. Cal. 2010)........................................................18, 20

*Theme Promotions, Inc. v. News America Marketing FSI,*
546 F.3d 991 (9th Cir. 2008) ......................................................................14, 15

*Top Victory Electrics v. Hitachi, Ltd.,*
No.C10-01579CRB, 2010 U.S. Dist. LEXIS 125003 (N.D. Cal. Nov. 1, 2010) ........................................................................................................................6

*U.S. v. Bennett,*
621 F.3d 1131 (9th Cir. 2010) ..........................................................................10

*U.S. v. Bestfoods, Inc.,*
524 U.S. 51 (1998)..................................................................................19, 22, 23

*Vacek v. United States Postal Services,*
447 F.3d 1248 (9th Cir. 2006) ...........................................................................5

*Video International Prod., Inc. v. Warner-Amex Cable Commc'n, Inc.,*
858 F.2d 1075 (5th Cir. 1988) ..........................................................................16

*Quantum Corp. v Riverbed Techs. Inc.,*
2008 U.S. Dist. LEXIS 11348 (N.D. Cal. Feb. 4, 2008) ...............................9, 11

*Warren v. Fox Family Worldwide, Inc.,*
328 F.3d 1136 (9th Cir. 2003) ...........................................................................8

*Winner Chevrolet, Inc. v. Universal Underwriters Insurance Co.,* No. Civ. S-08-539 LKK, 2008 U.S. Dist. LEXIS 111530 (E.D. Cal. July 1, 2008) ...............................................................................................................25

*Z Trim Holdings, Inc. v. Fiberstar, Inc.,*
No. 06-C-361-C, 2007 U.S. Dist. LEXIS 8569 (W.D. Wis. Feb. 5, 2007)..........9

**STATE CASES**

*Aladdin Oil Corp. v. Perluss,*
230 Cal. App. 2d 603 (1965) ........................................................................11, 12

*Bardin v. Daimlerchrysler Corp.,*
136 Cal. App. 4th 1255 (2006) ..........................................................................20

*Berman v. RCA Automobile Corp.,*
177 Cal. App. 3d 321 (1986) .............................................................................17

*Buechner v. Farbenfabriken Bayer Aktiengesellschaft,*
154 A.2d 684 (Del. 1959) ...................................................................................10

*Communist Party v. 522 Valencia, Inc.,*
35 Cal. App. 4th 980 (1995) ..............................................................................12

*Della Penna v. Toyota Motor Sales, U.S.A.,*
11 Cal. 4th 376 (1995) ........................................................................................20

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

TABLE OF AUTHORITIES

LITIOC/2043953v8/101022-0052

*Drilltec Technologies, Inc. v. Remp,*
   64 S.W.3d 212 (Tex. App. 2001) ............................................................. 10

*Frances T. v. Village Green Owners Association,*
   42 Cal. 3d 490 (1986) .............................................................................. 19

*Institute Of Veterinary Pathology, Inc. v. Cal. Health Laboratory, Inc.,*
   116 Cal. App. 3d 111 (1981) ......................................... 19, 21, 22, 23

*Korea Supply Co. v. Lockheed Martin Corp.,*
   29 Cal. 4th 1134 (2003) ...................................................................... 18, 20

*Kupiec v. America Internat. Adjustment Co.,*
   235 Cal. App. 3d 1326 (1991) ................................................................. 18

*Leek v. Cooper,*
   194 Cal. App. 4th 399 (2011) ........................................................... 11, 22

*Mel Doney v. TRW, Inc.,*
   33 Cal. App. 4th 245 (1995) .................................................................... 19

*Mesler v. Bragg Management Co.,*
   39 Cal. 3d 290 (1985) .............................................................................. 11

*Mid-Century Insurance Co. v. Gardner,*
   9 Cal. App. 4th 1205 (1992) .................................................................... 24

*Rubin v. Green,*
   4 Cal. 4th 1187 (1993) ............................................................................. 17

*Silberg v. Anderson,*
   50 Cal. 3d 205 (1990) .............................................................................. 17

*Sonora Diamond Corp. v. Super. Ct.,*
   83 Cal. App. 4th 523 (2000) ............................................................ 21, 22, 24

*Tomaselli v. Transamerica Insurance Co.,*
   25 Cal. App. 4th 1269 (1994) ................................................................. 22

**FEDERAL STATUTES**

35 U.S.C. § 100 .............................................................................................. 7

35 U.S.C. § 281 .............................................................................................. 7

35 U.S.C. § 261 ......................................................................................... 9, 10

28 U.S.C. § 2201 ............................................................................................ 6

Fed. R. Civ. P. 8 ............................................................................................ 5

Fed. R. Civ. P. 12 .......................................................................................... 4

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

vii

TABLE OF AUTHORITIES

LITIOC/2043953v8/101022-0052

**STATE STATUTES**

Cal. Civ. Code § 47(b) ................................................................. 17

**MISCELLANEOUS**

8 Chisum on Patents § 21.03[4] (Matthew Bender 2009) .......................... 6

EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp., 711 ........................... 17

TABLE OF AUTHORITIES

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

# I.    INTRODUCTION

This action is a mere attempt to justify the transfer of already pending litigation upon new, baseless claims against a California resident, Defendant Acacia Research Corporation ("ARC").  SmartPhone Technologies, LLC ("SmartPhone") filed a patent infringement suit in the Eastern District of Texas against Plaintiffs Huawei Device USA, Inc. and Futurewei Technologies, Inc. (collectively, "Plaintiffs").  Plaintiffs here seek declaratory relief concerning the same patents at issue in the infringement suit and assert various state law claims relating to the prosecution of the infringement action against SmartPhone and a parent company, ARC.  After voluntarily amending the complaint twice, Plaintiffs' Second Amended Complaint (the "SAC") still fails to state any claim or present a case or controversy between Plaintiffs and ARC.

The SAC asserts ten (10) declaratory relief claims for either non-infringement or invalidity of the patents-in-suit.  The SAC does not allege that ARC currently owns nor is the exclusive licensee for the patents.  In fact, exhibits attached to the SAC – licensing and assignment agreements for the patents – demonstrate that ARC never owned, never had a license, and never had any interest in the patents.  ARC is not a proper defendant for declaratory relief relating to the patents because ARC could not sue affirmatively for patent infringement based upon its lack of cognizable interest under the Patent Act and established law. There simply is no case or controversy between ARC and Plaintiffs.  Since SmartPhone is the exclusive licensee of the patents and is prosecuting the infringement suit, Plaintiffs may receive all their requested declaratory relief from SmartPhone (assuming Plaintiffs can establish their claims).  Plaintiffs apparently only named ARC because SmartPhone is an indirect subsidiary or affiliate of ARC that coincidently is a California resident.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

- 1 -
MEMORANDUM OF POINTS AND AUTHORITIES

LITIOC/2043953v8/101022-0052

1    Plaintiffs also seek a declaration of third party beneficiary rights from a

2    contract purportedly between Defendant Access Co. Ltd. ("Access") and ARC.

3    However, that contract and its amendments appended to the SAC show that ARC

4    is not a party to that contract and ARC received no interest or rights from that

5    contract. There is nothing for the Court to declare with respect to ARC. The SAC

6    also fails to allege any injury attributable to ARC's alleged acts. In fact, the only

7    affirmative act concerning the patents is SmartPhone's infringement action.

8    The SAC also asserts a variety of tortious interference claims and a related

9    Section 17200 claim based upon SmartPhone's prosecution of the infringement

10   action and ARC's "backing" of that action. The infringement action is petitioning

11   conduct protected by the First Amendment – the *Noerr Pennington* doctrine and

12   California litigation privilege bar those claims as a matter of law. Even if the First

13   Amendment protection did not apply, the allegation of "backing" is far too

14   conclusory to state a claim. The SAC's whole theory runs contrary to tort and

15   corporate law – that shareholder's equity contribution to a company, *i.e.*, "backing"

16   a company, does not expose the shareholder to liability for the company's actions.

17   Lastly, the SAC asserts a standalone alter ego claim. However, alter ego

18   liability is not an independent claim. In any event, the SAC does not state an alter

19   ego "claim." The SAC does not attempt to allege the critical, touchstones for a

20   unity of interest necessary for an alter ego finding, such as inadequate

21   capitalization, commingling of assets, or failure to respect corporate formalities.

22   Instead, the SAC alleges ARC owns SmartPhone – an unremarkable allegation.

23   ARC's purported interest in the patents-in-suit is demonstrably not true; the actual

24   contracts alleged in the SAC show that ARC did not undertake any of the alleged

25   actions. Even assuming that all those allegations were true, they would still be

26   insufficient to establish alter ego liability.

27   ARC, thus, respectfully requests that this Court grant its motion to dismiss.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

- 2 -

MEMORANDUM OF POINTS AND AUTHORITIES

LITIOC/2043953v8/101022-0052

## II.  STATEMENT OF FACTS AND RELEVANT PROCEDURAL HISTORY[1]

### A.  The SAC Alleges ARC's Interest In The Patents, But The SAC's Exhibits Contradict Those Allegations.

The SAC alleges the purported ownership history for U.S. Patent Nos. 6,950,645, 6,466,236, 6,928,300, 7,664,485, and 6,173,316 (collectively, the "patents-in-suit").  (SAC ¶¶ 12-16.)  The SAC alleges that Access acquired the rights to the patents-in-suit through an acquisition of PalmSource, Inc.  (SAC ¶¶ 17-18.)  Without any detail, Plaintiffs allege that they are customers of Access. (See, e.g., SAC ¶ 33.)

The SAC alleges that "Access licensed [those] patents… to [ARC]."  (SAC ¶ 19.)  The SAC attaches a copy of an Exclusive License Agreement between Access and purportedly ARC dated July 31, 2009 (the "ELA").  (SAC ¶ 20, Ex. F.) The SAC also attaches a series of amendments to the ELA between Access and purportedly ARC.  (SAC ¶¶ 21, 23-29, Exs. G, I-N.)  The SAC, in turn, alleges that ARC licensed the patents to SmartPhone in an Assignment and Assumption Agreement dated December 14, 2009.  (SAC ¶ 22, Ex. H.)

However, ARC is not a party to the ELA and ARC received no rights under that agreement.  Instead, the ELA and its amendments are clearly between Access and Acacia Patent Acquisition, LLC.  (SAC, Ex. F at 1, Ex. G at 1, Ex. I at 1, Ex. J at 1, Ex. K at 1, Ex. L at 1, Ex. M at 1, and Ex. N at 1.) Similarly, ARC is not a party to the Assignment and Assumption Agreement and ARC received no rights under that agreement.  Instead, the Assignment and Assumption Agreement is between Acacia Patent Acquisition, LLC and SmartPhone.  (SAC, Ex. H at 1.)

---

[1] For the purposes of this motion, ARC accepts the SAC's allegations as true, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), except those allegations that are contradicted by exhibits to the SAC.  Colony Cove Props., LLC v. City of Carson, 640 F.3d 948, 955 (9th Cir. 2011).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

MEMORANDUM OF POINTS AND AUTHORITIES

LITIOC/2043953v8/101022-0052

**B.    SmartPhone Files Suit Against Plaintiffs.**

On April 3, 2012, SmartPhone filed a patent infringement suit against Plaintiffs concerning the patents-in-suit in the Eastern District of Texas (the "Infringement Suit").  (SAC ¶ 11.)

**C.    Plaintiffs Reflexively File This Action Asserting Additional State Law Claims And Joining A California Resident.**

On April 4, 2012, Plaintiffs filed this suit asserting a declaration of non-infringement and invalidity of each of the patents-in-suit.  (Dkt. No. 1, Complaint ("Compl.") ¶¶ 29-98.)  The Complaint also sought a declaration of Plaintiffs' rights as a purported third party beneficiary of the ELA.  (Compl. ¶¶ 99-108.)  Plaintiffs also asserted claims for intentional interference with contractual rights, and intentional and negligent interference with a prospective economic advantage based upon SmartPhone's filing and prosecution of the Infringement Action.  (Compl. ¶¶ 109-32.)  Plaintiffs, in addition, asserted a claim under Section 17200 of the California Business & Professions Code.  (Compl. ¶¶ 136-43.)

On April 11, 2012, Plaintiffs voluntarily amended that pleading and asserted the same claims.  (Dkt. No. 7, First Amended Complaint ("FAC") ¶¶ 29-143.)  Pursuant to this Court's order upon the parties' stipulation, Plaintiffs filed the SAC with several exhibits lodged under seal.  (SAC, Exs. G-M; <u>see also</u> Dkt. No. 16.)  The SAC alleges the same claims as the FAC and Complaint, except that the SAC now also asserts a standalone alter ego claim.  (SAC ¶¶ 171-75.)  ARC now moves to dismiss.

## III.    ARGUMENT

### A.    Legal Standard

A district court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A complaint must include "a short and plain statement of the claim showing that the pleader is

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

MEMORANDUM OF POINTS AND AUTHORITIES

1  entitled to relief." Fed. R. Civ. P. 8(a)(2).  A court normally accepts as true all

2  factual allegations in the complaint and must draw all reasonable inferences from

3  those allegations, construing the complaint in the light most favorable to the

4  plaintiff.  Pollard v. Geo Group, Inc., 607 F.3d 583, 585 n.3 (9th Cir. 2010).

5  However, a court should not accept "threadbare recitals of a cause of action's

6  elements, supported by mere conclusory statements."  Ashcroft v. Iqbal, 556 U.S.

7  662, 677-83 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

8  A complaint must be:  (1) "sufficiently detailed to give fair notice to the opposing

9  party of the nature of the claim so that the party may effectively defend against it,"

10 and (2) "sufficiently plausible that it is not unfair to require the opposing party to

11 be subjected to the expense of discovery." Starr v. Baca, 633 F.3d 1191, 1204 (9th

12 Cir. 2011).  "A claim has facial plausibility when the pleaded factual content

13 allows the court to draw the reasonable inference that the defendant is liable for the

14 misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

15     Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a

16 complaint for lack of subject matter jurisdiction.  Because federal courts are courts

17 of limited jurisdiction, it is "presumed that a cause lies outside this limited

18 jurisdiction, and the burden of establishing the contrary rests upon the party

19 asserting jurisdiction." Vacek v. United States Postal Serv., 447 F.3d 1248, 1250

20 (9th Cir. 2006).

21     A court may decline leave to amend "if it determines that allegation of other

22 facts consistent with the challenged pleading could not possibly cure the

23 deficiency…" Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010);

24 see also Jackson v. Carey, 353 F.3d 750, 758 (9th Cir. 2003).

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

- 5 -

MEMORANDUM OF POINTS AND AUTHORITIES

LITIOC/2043953v8/101022-0052

**B.      The SAC Does Not And Cannot State A "Case Or Controversy" For Declaratory Relief Claims 1-10.**

Plaintiffs seek declarations of invalidity or non-infringement for each of the patents-in-suit.  The elements of the declaratory relief claim are co-extensive with the Article III standing.  The Declaratory Judgment Act provides in pertinent part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree...

28 U.S.C. § 2201(a).  "[T]he phrase 'case of actual controversy' ... refers to the type of 'Cases' and 'Controversies' that are justifiable under Article III." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126-27 (2007).  A court's exercise of jurisdiction must resolve a "substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  Id.; Arris Group Inc. v. British Telecomm. PLC, 639 F.3d 1368, 1374 (Fed. Cir. 2011).

**1.      There Is No Case Or Controversy Between ARC And Plaintiffs Because There Is No Adverse Legal Interest Between The Parties.**

**a.      ARC Is Not An Owner Or Licensee Of The Patents-In-Suit.**

A proper defendant in a declaratory relief action for non-infringement or invalidity is a party who has standing to sue as a plaintiff in an infringement case. Top Victory Elecs v. Hitachi, Ltd., No.C10-01579CRB, 2010 U.S. Dist. LEXIS 125003, at *6-10 (N.D. Cal. Nov. 1, 2010) (citing to Fina Research S.A. v. Baroid Drilling Fluids, Inc., 141 F.3d 1479, 1481 (Fed. Cir. 1996) (table case)); see also 8 Chisum on Patents § 21.03[4] (Matthew Bender 2009).  Standing in an

1    infringement action rests with a patent owner or exclusive licensee.  35 U.S.C. §§

2    100, 281; Mars, Inc. v. Coin Acceptors, Inc., 527 F.3d 1359, 1367 (Fed. Cir. 2008).

3         Here, the SAC does not allege that ARC has the necessary interest in the

4    patents to sue as a plaintiff in an infringement action.  The SAC does not allege

5    that ARC owns the patents-in-suit.  (See SAC passim.)  The SAC also does not

6    allege that SAC is the exclusive licensee of the patents-in-suit.  (See SAC passim.)

7    The lack of such averments is fatal to the declaratory relief claims.

8         Plaintiffs cannot cure these deficiencies.  The ELA is between Access and

9    Acacia Patent Acquisition, LLC.  (SAC, Ex. F at 1.)  Access is the owner of the

10   patents-in-suit.  (SAC, Ex. F at §§ 1.1, 4.1.)  Each of the amendments to the ELA

11   is between Access and Acacia Patent Acquisition, LLC.  (SAC, Ex. G at 1, Ex. I at

12   1, Ex. J at 1, Ex. K at 1, Ex. L at 1, Ex. M at 1, Ex. N at 1.)  In the Assignment and

13   Assumption Agreement, Acacia Patent Acquisition, LLC, in turn, assigned all

14   rights to the patents to SmartPhone, making SmartPhone the exclusive licensee

15   with all substantial rights in each of the patents-in-suit.  (SAC, Ex. H at § 1.)

16        Despite Plaintiffs' mistaken allegations, ARC is not – and has never been – a

17   party or signatory to the ELA (or its amendments) or the Assignment and

18   Assumption Agreement.  Plaintiffs have had these agreements well before filing

19   the SAC.  Nevertheless, the SAC alleges that ARC is a party to the ELA.  (SAC ¶¶

20   20, 22, 29, 41, 42, 63, 64, 81, 82, 102, 103, 118, 119, 173).  These allegations are

21   simply not true.  ARC has never had any ownership interest or license for the

22   patents-in-suit.

23        A court "need not accept as true conclusory allegations that are contradicted

24   by documents referred to in the complaint."  Colony Cove Props., 640 F.3d at 955;

25   Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sprewell v.

26   Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2000).  "It is a well-settled rule

27   that when a written instrument contradicts allegations in the complaint to which it

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

- 7 -

MEMORANDUM OF POINTS AND AUTHORITIES

LITIOC/2043953v8/101022-0052

is attached, the exhibit trumps the allegations." <u>Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend</u>, 163 F.3d 449, 454 (7th Cir. 1999) (citations omitted); <u>see also</u> <u>Warren v. Fox Family Worldwide, Inc.</u>, 328 F.3d 1136, 1139 (9th Cir. 2003).  Therefore, the ELA trumps the SAC's contrary allegations.  The SAC's incorrect allegations should not be rejected.

>      **b.    A Parent Company Of A Patent Holder Is Not A Proper Defendant For A Declaratory Relief Claim.**

The SAC, at most, suggests that ARC has an indirect stake in the patents because ARC "owns" SmartPhone.  (<u>See</u> SAC ¶¶ 171-75.)  ARC's "ownership" of SmartPhone does not create a case or controversy.  The Federal Circuit and district courts across the country have consistently held that a parent corporation that does not own the patents-in-suit does not have standing for an infringement action where its subsidiary is the patent owner.  <u>See</u>, <u>e.g.</u>, <u>Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.</u>, 620 F.3d 1305, 1317-19 (Fed. Cir. 2010) (holding that parent and sister companies of actual patent owner lacked standing to sue for infringement); <u>Merial Ltd v. Intervet, Inc.</u>, 430 F. Supp. 2d 1357, 1361-63 (N.D. Ga. 2006) (granting motion to dismiss parent corporation's infringement suit; finding that "standing under the Patent Act cannot be based on the mere fact that Merial SAS is a wholly-owned subsidiary of Merial"); <u>Depuy, Inc. v. Zimmer Holdings, Inc.</u>, 384 F. Supp. 2d 1237, 1239-41 (N.D. Ill. 2005) (granting motion to dismiss parent corporation's infringement suit; finding that "[f]or this is the garden-variety case … in which suit is brought by an entity that does not own the property right that it is suing to enforce."); <u>Beam Laser Sys., Inc. v. Cox Commun'ns, Inc.</u>, 117 F. Supp. 2d 515, 520-21 (E.D. Va. 2000) (granting motion to dismiss sole shareholder's infringement suit; finding that "[o]wnership of corporate stock does not create equitable title in that corporation's property."); <u>Site Microsurgical Sys., Inc. v. The Cooper Cos., Inc.</u>, 797 F. Supp. 333, 337-39 (D.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

- 8 -

MEMORANDUM OF POINTS AND AUTHORITIES

LITIOC/2043953v8/101022-0052

Del. 1992) (denying motion for leave to join parent corporation in infringement
suit; finding that "Site [subsidiary] holds legal title to the patents and it is a
separate, operational corporation.  Iolab [parent] cannot be deemed to 'effectively
control the patent' merely because it owns and exercises control over its
subsidiary." (internal citations omitted)).[2]

     The decision in <u>Top Victory Electronics</u> is directly on point.  There, Hitachi,
Ltd.  once owned a series of patents that it assigned to two of its subsidiaries.  2010
U.S. Dist. LEXIS 125003, at *2-3.  Plaintiffs brought a declaratory relief action
seeking a non-infringement determination against Hitachi and another company
concerning Hitachi's former patents.  <u>Id.</u> at *1.  Hitachi moved to dismiss for lack
of subject matter jurisdiction; the Court granted the motion.  The Court recognized
that because only a party with legal title to a patent, *i.e.*, the owner or exclusive
licensee, has standing to bring an infringement suit, only such a party is a proper
defendant for non-infringement declaratory relief action concerning such a patent.
<u>Id.</u> at *7-9.  The Court evaluated Hitachi's purported interest in the patents based
upon the written assignment agreement between Hitachi and its subsidiaries
because the contract between assignor and assignee controls ownership of the
patents.  <u>Id.</u> at *3-5 (citing to 35 U.S.C. § 261).  The Court found that Hitachi had
no direct interest in the patents because Hitachi had assigned all rights to the
patents to its subsidiaries and retained no ownership interest or exclusive license.
<u>Id.</u> at *9-10.  The Court also rejected plaintiffs' argument that Hitachi held
equitable title to the patents through the parent-subsidiary relationship.  The Court

---

[2] <u>See also</u> <u>GPS Indus., Inc. v. Altex Corp.</u>, Civ. No. 3:07-CV-0831-K, 2009 U.S. Dist. LEXIS
67480, at *7 (N.D. Tex. July 27, 2009) (granting motion to dismiss parent corporation's
infringement suit; finding in part that "[m]erely because OGSI [subsidiary] is a wholly owned
subsidiary of GPS [parent] does not in and of itself confer all substantial rights of the '093 patent
on GPS."); <u>Quantum Corp. v. Riverbed Tech., Inc.</u>, No. C-07-04161 WHA, 2008 U.S. Dist.
LEXIS 11348, at *7-8 (N.D. Cal. Feb. 4, 2008) (granting motion to dismiss parent corporation's
infringement suit, finding in part that "Quantum's [parent company] control of its subsidiaries is
insufficient to confer standing"); <u>Z Trim Holdings, Inc. v. Fiberstar, Inc.</u>, No. No. 06-C-361-C,
2007 U.S. Dist. LEXIS 8569, at *11-13 (W.D. Wis. Feb. 5, 2007) (same).

MEMORANDUM OF POINTS AND AUTHORITIES

LITIOC/2043953v8/101022-0052

1  stated: "That a corporate parent's subsidiary owns a patent is not enough to

2  establish that the parent has rights in the subsidiary's patents." Id. at *11 (citation

3  omitted).  See GMP Tech., LLC v. Zicam, LLC, No. 08-C-7077, 2009 U.S. Dist

4  LEXIS 115523, at 5-6 (N.D. Ill. Dec. 9, 2009) (dismissing declaratory relief

5  against parent company, where the parent company did not own or have an

6  exclusive license for the patents); see also Newmatic Sound Sys. v. Magnacoustics,

7  Inc., No. C 10-00129 JSW, 2010 U.S. Dist. LEXIS 40018, at *4-10 (N.D. Cal.

8  Apr. 23, 2010).

9      Indeed, it is black letter corporate law that a shareholder does not own the

10  assets of a company.  Dole Food Co. v. Patrickson, 538 U.S. 468, 474 (2003) ("A

11  corporate parent which owns the shares of a subsidiary does not, for that reason

12  alone, own or have legal title to the assets of the subsidiary."); U.S. v. Bennett, 621

13  F.3d 1131, 1136 (9th Cir. 2010) ("Today, it almost goes without saying that a

14  parent corporation does not own the assets of its wholly-owned subsidiary by

15  virtue of that relationship alone").[3]

16      Ultimately, ARC's purported equitable ownership of SmartPhone does not

17  translate into ownership of the patents-in-suit.  As the Courts in Top Victory, GMP

18  Technologies, Spine Solutions, Merial, Depuy, Beam Laser, and Site

19  Microsurgical each held, a parent corporation's ownership of a subsidiary does not

20  create a property interest in the subsidiary's patents.  Since ARC could not

21  affirmatively sue for infringement, ARC is a not proper party for declaratory relief.

22          **c.      The SAC's Alleged Alter Ego Relationship Does Not**

23                  **Create A Case Or Controversy.**

24      To apparently manufacture a claim against ARC and basis for suit here, the

25

26  [3] Buechner v. Farbenfabriken Bayer Aktiengesellschaft, 154 A.2d 684, 686-87 (Del. 1959) ("The
    shareholder's essential right is to share in the profits and in the distribution of assets on

27  liquidation.  He has no interest of any specific assets of the corporation." (citations omitted)); see
    also Drilltec Techs., Inc. v. Remp, 64 S.W.3d 212 (Tex. App. 2001) (same; applying Texas law).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

- 10 -

MEMORANDUM OF POINTS AND AUTHORITIES

LITIOC/2043953v8/101022-0052

1    SAC alleges that "SmartPhone is acting as ARC's alter ego." (SAC ¶¶ 43, 50, 57,

2    65, 74, 82, 89, 96, 104, 113.)  For the reasons set forth in Section III.F.2, the SAC

3    does not state a factual basis for an alter ego finding.  However, assuming

4    *arguendo* that SmartPhone is ARC's alter ego, such an alter ego relationship would

5    not create a case or controversy.

6         An alter ego relationship is not a basis for this declaratory relief claim

7    because ARC cannot disregard its own subsidiary's corporate identity to

8    affirmatively sue Plaintiffs based upon the subsidiary's interest in a contract or an

9    asset.  "Alter ego is a limited doctrine, invoked <u>only</u> where recognition of the

10   corporate form would work an injustice to a third person."  <u>Katzir's Floor & Home

11   Design, Inc. v. M-MLS.com</u>, 394 F.3d 1143, 1149 (9th Cir. 2004) (emphasis

12   added); <u>Olympic Capital Corp. v. Newman</u>, 276 F. Supp. 646, 655, 658 (C.D. Cal

13   1967); <u>see also</u> <u>Mesler v. Bragg Mgmt. Co.</u>, 39 Cal. 3d 290, 300 (1985); <u>Leek v.

14   Cooper</u>, 194 Cal. App. 4th 399, 409 (2011).

15        As the Court in <u>Quantum Corp. v Riverbed Techs. Inc.</u> recognized, once a

16   party avails itself to take the benefits of the corporate form, it also bears the

17   associated burdens and cannot disregard them.  2008 U.S. Dist. LEXIS 11348, at

18   *5-8 (citing to <u>Aladdin Oil Corp. v. Perluss</u>, 230 Cal. App. 2d 603, 614 (1965)).

19   There, a parent company ACN 120 entered into a written agreement assigning all

20   of its patents and the patents of its subsidiaries to Quantum. <u>Id.</u> at *4.  However,

21   one of the subsidiaries, Rocksoft, was not a party to that assignment agreement and

22   did not otherwise assent to the assignment. <u>Id.</u> at *5.  ACN 120 argued that the

23   agreement was an effective assignment of Rocksoft's patents because Rocksoft

24   was ACN 120's alter ego or, alternatively, ACN 120 was Rocksoft's agent. <u>Id.</u> at

25   *5-6.  In other words, the parent company attempted to use affirmatively an alter

26   ego relationship for its own interest.  The Court disagreed.  The Court found that

27   ACN 120's equitable ownership of Rocksoft does not mean ACN 120 could

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

1  unilaterally transfer Rocksoft's assets without Rocksoft's assent. Id. at *6. See

2  also Communist Party v. 522 Valencia, Inc., 35 Cal. App. 4th 980, 994-95 (1995)

3  (rejecting parent company's claim that subsidiaries were its alter ego). Since ARC

4  cannot affirmatively pursue an infringement suit against Plaintiffs by relying upon

5  the alter ego doctrine, the alter ego claim does not create a case or controversy

6  between Plaintiffs and ARC.

7              2.        The SAC Does Not Allege ARC Took Any Affirmative Act

8                        To Enforce Any Right Concerning The Patents-In-Suit.

9              Even if the SAC alleged that ARC had an interest in the patents-in-suit, the

10  declaratory relief claims still fail. "[T]o establish an injury in fact traceable to the

11  patentee, a declaratory judgment plaintiff must allege both (1) an affirmative act by

12  the patentee related to the enforcement of his patent rights, and (2) meaningful

13  preparation to conduct potentially infringing activity." Ass'n for Molecular

14  Pathology v. United States PTO, 653 F.3d 1329, 1343-48 (Fed. Cir. 2011) (internal

15  citations omitted); see also SanDisk Corp. v. STMicroelectronics, Inc., 480 F.3d

16  1372, 1380-81 (Fed. Cir. 2007) (discussing affirmative act requirement).

17            The SAC admits that SmartPhone filed the Infringement Action. (SAC ¶

18  11.) The SAC does not (and cannot allege) that ARC is a party to that suit. (See

19  SAC passim.) Moreover, the SAC does not allege that ARC ever contacted

20  Plaintiffs concerning the patents-in-suit, let alone allege any affirmative act to

21  enforce the patents-in-suit against Plaintiffs. (See SAC passim.) As a result, the

22  SAC does not state an injury in fact for Claims 1 through 10. Innovative

23  Therapies, Inc. v. Kinetic Concepts, Inc., 599 F.3d 1377, 1382 (Fed. Cir. 2010)

24  (affirming dismissal of a declaratory judgment claim due to plaintiff's failure to

25  plead an affirmative act by the patent holder); In re Netflix Antitrust Litig., 506 F.

26  Supp. 2d 308, 318 (N.D. Cal. 2007) (allegations that a defendant notified a plaintiff

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

- 12 -

MEMORANDUM OF POINTS AND AUTHORITIES

LITIOC/2043953v8/101022-0052

of the existence of a patent did not support the affirmative act required to state a

declaratory judgment claim.)

**C.    Claim 11 Fails To State A Basis For A Third Party Beneficiary Declaration Because ARC Is Not A Party To The Purported Agreements And ARC Has Not Attempted To Enforce Rights Under The Patents.**

In Claim 11 Plaintiffs seek a declaration of third party beneficiary rights

concerning the ELA.  Similar to Claims 1-10, Plaintiffs lack standing for this claim

and cannot state a claim based upon the SAC's averments.

**1.    ARC Has No Adverse Legal Interest To Create A "Case Or Controversy."**

Plaintiffs allege that they have a license to the patents-in-suit based upon

their interpretation of a provision of the Exclusive License Agreement between

"Acacia" and Access, and construction of the Assumption and Assignment

Agreement.  (SAC ¶¶ 124-28; see also SAC ¶¶ 20, 118-20.)  However, as set forth

in Section III.B.1.a, ARC is not a party to the agreements in question and received

no rights under those agreements.  The Court may therefore reject Plaintiffs'

inconsistent allegations.  (See Section III.B.1.a. (citing authority).)

Plaintiffs also allege that ARC owns SmartPhone.  (SAC ¶¶ 121.)  ARC's

"ownership" of SmartPhone (or even Acacia Patent Acquisition) does not create an

interest in its contracts or its other assets.  (See Section III.B.1.b. (citing

authority).)

Plaintiffs further allege that SmartPhone is ARC's alter ego.  (SAC ¶ 122.)

However, the SAC does not state a basis for alter ego liability as set forth in

Section III.F.2. and, even if the SAC did state such liability, an alter ego

relationship cannot create a basis for a case or controversy for a declaratory relief

claim as set forth in Section III.B.1.c.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

- 13 -

MEMORANDUM OF POINTS AND AUTHORITIES

LITIOC/2043953v8/101022-0052

### 2. The SAC Does Not Allege Any Affirmative Act For An Injury In Fact.

The claim also fails because the SAC does not allege any injury in fact. The SAC does not allege that ARC has ever asserted any rights to the patents-in-suit against Plaintiffs. Just as with Claims 1-10, the SAC admits that SmartPhone is enforcing the patents-in-suit against Plaintiffs, not ARC. (SAC ¶ 129.) The SAC does not allege any act by ARC concerning Plaintiffs. (See SAC passim.)

Any declaratory relief would be illusory and advisory because ARC has done or is doing nothing, and ARC has no interest in the contract or patents-in-suit.

### D. The Tortious Interference Claims Fail.

The SAC alleges three (3) tortious interference claims against ARC: (1) intentional interference with contractual relations; (2) intentional interference with past and prospective economic relations; and (3) negligent interference with past and prospective economic relations. (SAC ¶¶ 109-35.) Those claims fail because the alleged conduct is protected First Amendment activity and the allegations themselves are insufficient to state an actionable claim.

### 1. The Noerr Pennington Doctrine Bars The State Laws Claims Arising From The Infringement Action.

Filing and prosecuting a lawsuit is protected First Amendment activity that cannot serve as a basis for a tortious interference claim or any other claim in this action under the *Noerr Pennington* doctrine.

The Ninth Circuit's decision in Theme Promotions, Inc. v. News America Marketing FSI, 546 F.3d 991 (9th Cir. 2008), is instructive. Plaintiff Theme Promotions, Inc. ("Theme") created promotional inserts for newspapers – that News America Marketing FSI ("News") produced under a contract with a first refusal provision. 546 F.3d at 997. Theme sought to use a News competitor for certain promotions, but News informed several of Theme's customers, including

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

MEMORANDUM OF POINTS AND AUTHORITIES

1   Benevia, Van de Kamp, and Campbells, that Theme had to use News and if Theme
2   did not, the customers could be "embroiled" in litigation between Theme and
3   News. Id. at 997-98. Those customers eventually stopped engaging Theme for
4   future promotions. Id. at 998. Theme sued News asserting various claims,
5   including tortious interference based upon News' communications with Theme's
6   customers. Id. at 999. The jury found in favor of Theme, but the Court set aside
7   that verdict finding that threats of litigation were protected under the *Noerr*
8   *Pennington* doctrine. Id. The Ninth Circuit affirmed that decision. The Ninth
9   Circuit reflected that when a party petitions any governmental body, the *Noerr*
10  *Pennington* doctrine immunizes from statutory liability the petitioning conduct
11  based upon the Petition Clause in the First Amendment. Id. at 1006. The demand
12  letter from News also was subject to protection under the Petition Clause. Id. at
13  1007. The Court held that the *Noerr Pennington* immunity extends to the tortious
14  interference and other state law claims because the doctrine vindicates federal
15  constitutional rights. Id. at 1007-08.[4]

16    Other courts have reached similar conclusions. See, e.g., Drawsand v. F.F.
17  Props., LLC, No: C 10-3937 SBA, 2011 U.S. Dist. LEXIS 116442, at *27-32, 37-
18  38 (N.D. Cal. Sept. 30, 2011) (granting motion to dismiss, finding that *Noerr*
19  *Pennington* doctrine barred state and federal law claims arising from filing of an
20  unlawful detainer suit and actions related to prosecution of that suit); Cellco P'ship
21  v. Hope, No. CV11-0432-PHX-DGC, 2012 U.S. Dist. LEXIS 10621, at *48-49 (D.
22  Ariz. Jan. 30, 2012) (granting motion to dismiss, finding that *Noerr Pennington*
23  doctrine barred tortious interference claim over pre-suit demand letters).[5]

24
25  [4] The *Noerr Pennington* doctrine recognizes a sham litigation exception where the subject
    litigation is objectively baseless and that litigation is an attempt to interfere with business
26  relationships by using the government process. Theme Promotions, 546 F.3d at 1007. Plaintiffs
    cannot avail themselves of the exception because the SAC at best alleges that the Infringement
    Action is wrongful without any factual basis.

27  [5] Other circuits have likewise held that the *Noerr Pennington* doctrine bars state law claims,
    including tortious interference claims. See, e.g., Video Int'l Prod., Inc. v. Warner-Amex Cable

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

28

- 15 -

MEMORANDUM OF POINTS AND AUTHORITIES

LITIOC/2043953v8/101022-0052

SmartPhone's exercise of its petition is immune from tortious interference liability. The SAC alleges that SmartPhone's "assertion of the patents-in-suit" is the act of interference that has burdened or interfered with a contract between Huawei (but not Futurewei) and Access. (SAC ¶¶ 135-38, 144-47, 154-57.) "Assertion of the patents-in-suit" is the Infringement Action because the SAC does not allege any other activity by SmartPhone to "assert" the patents against Plaintiffs. (See SAC passim.) Under Theme Promotions, Drawsand, and Cello Partnership, SmartPhone's petitioning conduct is immunized from suit.

The SAC also offers a conclusory allegation that ARC is "backing" the Infringement Action. (SAC ¶¶ 136-38, 144-48, 154-59.) Assuming arguendo that ARC is financing the Infringement Action, financing litigation is also protected under the First Amendment and Noerr Pennington doctrine. See, e.g., Liberty Lake Invs. v. Magnuson, 12 F.3d 155, 158-60 (9th Cir. 1993) (holding that Noerr Pennington doctrine barred claim over financing litigation); see also Baltimore Scrap Corp. v. David J. Joseph Co., 237 F.3d 394, 399-404 (4th Cir. 2000) (finding that doctrine barred claim over surreptitious financing of environmental lawsuits).

Moreover, any leave to amend is improper based upon the SAC's conclusory allegations impinging upon defendants' First Amendment rights. The Ninth Circuit has held that where First Amendment protected activity is the alleged wrongful conduct, a complaint must plead with specificity the allegations of wrongdoing to avoid chilling First Amendment protections. Kottle v. NW Kidney Ctrs., 146 F.3d 1056, 1063 (9th Cir. 1998) (affirming judgment, finding that proposed amended complaint failed to avoid Noerr Pennington bar, where proposed allegations were conclusory); Franchise Realty Interstate Corp. v. San

Commc'n, Inc., 858 F.2d 1075, 1082-83 (5th Cir. 1988) (holding that Noerr Pennington barred tortious interference and other claims, finding that First Amendment protected lobbying for zoning changes and petitioning for regulatory action); Brownsville Golden Age Nursing Home, Inc. v. Wells, 839 F.2d 155, 159-60 (3d Cir. 1988) (holding that doctrine barred tortious interference claims).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

MEMORANDUM OF POINTS AND AUTHORITIES

1    <u>Francisco Local Jt. Exec. Bd. of Culinary Workers</u>, 542 F.2d, 1082-83 (9th Cir.

2    1976); <u>see also</u> <u>EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.</u>, 711 F.

3    Supp. 3d 1074, 1081-84 (C.D. Cal. 2010) (granting motion to dismiss, applying

4    <u>Kottle</u> and <u>Franchise Realty</u> rule, and finding that allegations were insufficient).

5    Simply put, the SAC rests upon clearly protected activity, and leave would be

6    futile.  To the extent Plaintiffs suggest that "backing" or other activity is present,

7    those averments must satisfy this requirement to avoid the chilling effect.

8                   **2.      The California Litigation Privilege Also Bars These Claims.**

9           Filing a lawsuit is also protected under the California litigation privilege.

10   Cal. Civ. Code § 47(b); <u>Silberg v. Anderson</u>, 50 Cal. 3d 205, 211-16 (1990).

11   Section 47(b) grants absolute immunity from communications made in relation to

12   judicial proceedings.  <u>Id.</u>

13          Section 47 states that:  "[a] privileged publication or broadcast is one made

14   … [i]n any … (2) judicial proceeding."  Cal. Civ. Code § 47(b).  Section 47 creates

15   absolute immunity.  This absolute immunity is a substantive rule of immunity that

16   extinguishes a claim.  <u>Berman v. RCA Auto Corp.</u>, 177 Cal. App. 3d 321, 323-25

17   (1986).  The California Supreme Court has stated that "the only exception to [the]

18   application of section 47(2) [now §47(b)] to tort suits has been for malicious

19   prosecution actions."  <u>Rubin v. Green</u>, 4 Cal. 4th 1187, 1194 (1993).

20          Section 47(b) applies to any communication (1) made in judicial or quasi-

21   judicial proceedings; (2) by litigants or other participants authorized by law; (3) to

22   achieve the objects of the litigation; and (4) that have some connection or logical

23   relation to the action.  <u>Silberg</u>, 50 Cal. 3d at 212 (1990).  The Infringement

24   Action's complaint is a communication that was made in a judicial proceeding.

25   The allegations related to SmartPhone's "assertion of the patents-in-suit" refer to

26   the Infringement Action.  (SAC ¶¶ 135-38, 145-48, 155-58.)  SmartPhone filed the

27   Infringement Action as a litigant in order to achieve objects of litigation that have a

28

Stradling Yocca
Carlson & Rauth
Lawyers
Newport Beach

- 17 -

MEMORANDUM OF POINTS AND AUTHORITIES

LITIOC/2043953v8/101022-0052

1   connection and logical relation to the lawsuit, i.e., an award of damages from

2   Plaintiffs.  Since SmartPhone's petitioning in the Infringement Action is immune

3   from suit, the tort claims premised on that lawsuit must be dismissed.

4        This Court has held that a letter concerning litigation was protected activity,

5   and that claims based on the letter were barred by absolute immunity because the

6   letter was logically related to the action.  eCash Techs. v. Guagliardo, 210 F. Supp.

7   2d 1138, 1152-55 (C.D. Cal. 2001).  The litigation privilege has an "expansive

8   reach" and affords absolute immunity against tort liability, which "applies

9   regardless of the particular label given to the cause of action."  Id. at 1155.

10  Therefore, to the extent Plaintiffs argue that actions other than the lawsuit itself,

11  such as "backing," are not protected and immune from suit, Plaintiffs argument

12  should be rejected.  See also Kupiec v. Am. Internat. Adjustment Co., 235 Cal.

13  App. 3d 1326, 1331-33 (1991).

14        **3.    The FAC Fails To Allege Necessary Elements To State A**

15             **Tortious Interference Claim.**

16        All three (3) tortious interference claims require an act of interference.

17  Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 131 (2003) (the tort

18  of intentional interference with prospective economic advantage includes

19  "intentional acts on the part of the defendant designed to disrupt the relationship

20  [and] actual disruption of the relationship"); Guidiville Band of Pomo Indians v.

21  NGV Gaming, LTD., 531 F.3d 767, 774 (9th Cir. 2008) (a claim for intentional

22  interference with contract); Theme Promotions, Inc. v. News Am. Mktg. FSI, Inc.,

23  731 F. Supp. 2d 937, 942 (N.D. Cal. 2010) (claims for intentional or negligent

24  interference with prospective economic relations).

25        The SAC does not allege that ARC undertook any act of interference.  The

26  SAC alleges that SmartPhone's Infringement Suit against Plaintiffs is the act of

27  interference.  (SAC ¶¶ 136, 148, 156.)  SmartPhone filed and is prosecuting that

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

28                          - 18 -

MEMORANDUM OF POINTS AND AUTHORITIES

LITIOC/2043953v8/101022-0052

1    suit – not ARC.  The SAC does not allege any conduct by ARC interfered with

2    Plaintiffs' contract or prospective economic relationships.  (See SAC passim.)

3        At most, the SAC alleges that ARC is "backing" the Infringement Action.

4    (SAC ¶¶ 136-38, 144-47, 154-57.)  The allegation is conclusory.  The SAC is silent

5    on the type of "backing," whether it is financial, moral, or some other form of

6    "backing."  (See SAC passim.)  Rule 8 requires more than such conclusory

7    allegations.  Iqbal, 556 U.S. at 677-83; Twombly, 550 U.S. at 555-57.

8        Under Plaintiffs' formulation, any shareholder would be primarily liable for

9    "backing" a company's tortious acts by virtue of making an equity contribution

10   (the vehicle by which a person becomes a shareholder).  "It is a general principle

11   of corporate law deeply ingrained in our economic and legal systems that a parent

12   corporation (so-called because of control through ownership of another

13   corporation's stock) is not liable for the acts of its subsidiaries."  U.S. v. Bestfoods,

14   Inc., 524 U.S. 51, 61 (1998) (internal quotations omitted); Frances T. v. Village

15   Green Owners Ass'n, 42 Cal. 3d 490, 503 (1986) ("It is well settled that corporate

16   directors cannot be held vicariously liable for the corporation's torts in which they

17   do not participate"); Mel Doney v. TRW, Inc., 33 Cal. App. 4th 245, (1995); Inst.

18   Of Veterinary Pathology, Inc. v. Cal. Health Lab., Inc., 116 Cal. App. 3d 111, 119

19   (1981).  Plaintiffs' theory would fatally undermine the corporate form and expand

20   primary liability, at the same time as the limited alter ego doctrine would be

21   swallowed by primary liability.

22        **4.    Claims 13 And 14 Also Fail Because The SAC Does Not**

23            **Allege Any Independently Wrongful Act.**

24        The torts of intentional or negligent interference with prospective economic

25   relations also require Plaintiffs to allege an "independently wrongful act" by a

26   measure beyond the alleged act of interference.  Theme Promotions, 731 F. Supp.

27   2d at 942; see also Della Penna v. Toyota Motor Sales, U.S.A., 11 Cal. 4th 376,

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

- 19 -

MEMORANDUM OF POINTS AND AUTHORITIES

LITIOC/2043953v8/101022-0052

1  392-93 (1995). The SAC only alleges the filing of the Infringement Action and

2  ARC's "backing" of that action as discussed above. (SAC ¶¶ 144-47, 154-57.)

3  The SAC does not allege or suggest how such actions are independently wrongful.

4  As a result, those claims fail for this additional reason.

5       **E.**    **The SAC Fails To State A Section 17200 Claim Because There Is**

6               **No Predicate Violation Of Law.**

7       Plaintiffs must allege a predicate violation of law for the Section 17200

8  claim, but the SAC fails to do so. <u>Alta Bates Summit Med. Ctr. v. United of</u>

9  <u>Omaha Life Ins. Co.</u>, No. 07-04224 JSW, 2009 U.S. Dist. LEXIS 40172, *12-13

10  (N.D. Cal. Apr. 28, 2009); <u>see also</u> <u>Korea Supply Co.</u>, 29 Cal. 4th at 1143-44. The

11  SAC does not identify a particular predicate violation of law. (SAC ¶¶ 161-70.)

12  Every claim against ARC fails as set forth above. In fact, the SAC only alleges

13  ARC's (and Access and SmartPhone) business practice of suing Access customers

14  is "unlawful, unfair, and/or fraudulent." (SAC ¶ 167.) That is not a basis for

15  Section 17200, particularly because seeking judicial redress is privileged First

16  Amendment activity. <u>See</u> <u>Bardin v. Daimlerchrysler Corp.</u>, 136 Cal. App. 4th

17  1255, 1266-67 (2006). The SAC's bare recitation of Section 17200's elements

18  also is not sufficient. <u>Iqbal</u>, 556 U.S. at 678-79.

19       **F.**    **The Alter Ego Liability Allegations Fail.**

20           **1.**    **The SAC Incorrectly Asserts Alter Ego Liability As An**

21               **Independent Claim.**

22       Alter ego liability is not a claim in and of itself. <u>Ahcom, Ltd. v. Smeding</u>,

23  623 F.3d 1248, 1251 (9th Cir. 2010) (discussing California law, stating that "there

24  is no such thing as a substantive alter ego claim at all"); <u>Local 159 v. Nor-Cal</u>

25  <u>Plumbing, Inc.</u>, 185 F.3d 978, 985 (9th Cir. Cal. 1999) (discussing federal common

26  law, stating that: "A request to pierce the corporate veil is only a means of

27  imposing liability for an underlying cause of action and is not a cause of action in

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2043953v8/101022-0052

and of itself."); accord Peacock v. Thomas, 516 U.S. 349, 354, 133 L. Ed. 2d 817, 116 S. Ct. 862 (1996) (holding that "piercing the corporate veil is not itself an independent ERISA cause of action, but rather is a means of imposing liability on an underlying cause of action") (internal quotations omitted).  Alter ego liability is only a means of imposing secondary liability for an underlying claim; Plaintiffs' independent alter ego claim fails.

### 2.    The SAC Does Not State An Alter Ego "Claim" Because The SAC Fails To Allege Essential Requirements For Such A Theory.

To successfully establish alter ego liability, a plaintiff must establish: "(1) that there is such unity of interest and ownership that the separate personalities [of the entities] no longer exists and (2) that failure to disregard [their separate entities] would result in fraud or injustice."  Doe v. Unocal Corp., 248 F.3d 915, 926 (9th Cir. 2001); see also Inst. of Veterinary Pathology, 116 Cal. App. 3d at 119.  Alter ego is an extreme remedy, sparingly used.  Sonora Diamond Corp. v. Super. Ct., 83 Cal. App. 4th 523, 539 (2000).

### a.    The SAC Does Not Allege A Unity Of Interest.

To support an alter ego finding, a plaintiff must first show that there is a unity of ownership between the parent and subsidiary so as to relegate the subsidiary to the status of merely an instrumentality of the parent.  Institute of Veterinary Pathology, Inc., 116 Cal. App. 3d at 119.  The Ninth Circuit has found that "critical facts" needed to establish alter ego liability include: "inadequate capitalization, commingling of assets, [or] disregard of corporate formalities."  Katzir's Floor & Home Design, 394 F.3d at 1149 (citing Tomaselli v. Transamerica Ins. Co., 25 Cal. App. 4th 1269 (1994)); see also Slottow v. Am. Cas. Co., 10 F.3d 1355, 1360 (9th Cir. 1993).  No one characteristic governs, but the courts must look at all the circumstances to determine whether the doctrine

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2043953v8/101022-0052

1    should be applied. <u>Sonora Diamond Corp.</u>, 83 Cal. App. 4th at 539.

2         The SAC does not allege any of these critical facts. The SAC does <u>not</u>

3    allege that SmartPhone is inadequately capitalized. (<u>See</u> SAC <u>passim</u>.) The SAC

4    does <u>not</u> allege that ARC and SmartPhone's assets are commingled. (<u>See</u> SAC

5    <u>passim</u>.) The SAC does <u>not</u> allege that ARC and SmartPhone ignore corporate

6    formalities. (<u>See</u> SAC <u>passim</u>.)

7         Instead, the SAC alleges three (3) insufficient facts. First, the SAC alleges

8    that ARC "owns" SmartPhone.[6] (<u>See</u>, <u>e.g.</u>, SAC ¶ 172.) "The mere fact of sole

9    ownership and control does not eviscerate the separate corporate identity that is the

10   foundation of corporate law." <u>Katzir's Floor & Home Design</u>, 394 F.3d at 1149;

11   <u>Leek</u>, 194 Cal. App. 4th 399, 415 (same); <u>see also</u> <u>Bestfoods</u>, 524 U.S. at 69-70.

12        Second, the SAC alleges that ARC purported to assign the rights to the

13   patents-in-suit to SmartPhone. (SAC ¶ 174.) For the reasons previously discussed,

14   the SAC's exhibits show that the allegation is not true. The ELA and its

15   amendments, and the Assignment and Assumption Agreement demonstrate that

16   ARC never acquired any interest to the patents-in-suit and never purported to

17   assign any rights concerning them. (<u>See</u> SAC, Exs. F-N.) If anything, the true

18   contents of the exhibits show ARC's adherence to corporate formalities.

19        Lastly, the SAC alleges, upon information and belief, that ARC entered into

20   licensing agreement with the Microsoft Corporation concerning the patents-in-suit.

21   (SAC ¶ 174.) Assuming *arguendo* that ARC is a party to such a licensing

22   agreement, the SAC fails to allege how such a contract shows a unity of interest.

23   Notably, the SAC does not allege that SmartPhone is not a party to the licensing

24   arrangement. (<u>See</u> <u>id.</u>) The SAC also does not allege the consideration

25

26   _____

27   [6] To the extent that the SAC alleges that SmartPhone and ARC share the same business address, shared offices is an insignificant allegation. <u>See</u> <u>Sonora Diamond</u>, 83 Cal. App. 4th at 539; <u>Institute of Veterinary Pathology, Inc.</u>, 116 Cal. App. 3d at 119.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

- 22 -

MEMORANDUM OF POINTS AND AUTHORITIES

LITIOC/2043953v8/101022-0052

1   purportedly exchanged between Microsoft and ARC, i.e., that Microsoft and ARC

2   might exchange consideration apart from the patents-in-suit.

3       Even if the SAC's factual allegations were true, those allegations are not

4   sufficient to show the unity of interest.  In Institute of Veterinary Pathology,

5   plaintiff claimed that Revlon was the alter ego of two subsidiaries, USV and NHL,

6   on the basis that:  Revlon was the sole shareholder of USV and NHL; Revlon,

7   USV, and NHL had common directors and officers; Revlon's secretary kept the

8   corporate records of USV and NHL; Revlon's annual reports included consolidated

9   financial statements with subsidiary information; and Revlon had a corporate

10  structure of various wholly own subsidiaries.  116 Cal. App. 3d at 117-20.  The

11  Court of Appeal found that evidence only established "intercorporate connections

12  between Revlon, USV, and NHL.  It fails to set forth any direct evidence of

13  Revlon's manipulative control of its subsidiaries which would require imposition

14  of liability."  116 Cal. App. 3d at 120.  Similarly, in Sonora Diamond, the Court of

15  Appeal rejected alter ego and agency theories for personal jurisdiction, finding that

16  Diamond's ownership and use of Sonora Mining to operate in California,

17  interlocking directors and officers, Diamond's financial guarantees for Sonora

18  Mining, and consolidated financing reporting, among other factors, taken

19  individually or collectively were insufficient.  83 Cal. App. 4th at 538-40, 546-51;

20  see also Katzir's Floor & Home Design, 394 F.3d at 1149-50.

21      District courts routinely dismiss alter ego claims based on similar

22  allegations.  See, e.g., Nordberg v. Trilegiant Corp., 445 F. Supp. 2d 1082, 1101-

23  02 (N.D. Cal. 2006), abrogated on other grounds as stated in Friedman v. 24 Hour

24  Fitness USA, Inc., 580 F. Supp. 2d 985, 993 (C.D. Cal 2008) (dismissing alter ego

25  claim; "Based on the lack of any pleaded facts supporting either the notion that

26  inequity will result or that Trilegiant is a mere instrument of Cendant, plaintiffs'

27  alter ego claims must fail."); Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d

28

- 23 -

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

MEMORANDUM OF POINTS AND AUTHORITIES

1101, 1117-18 (C.D. Cal. 2003) (same); <u>Eclectic Props. East, LLC v. Marcus & Millichap Co.</u>, No. C-09-00511 RMW, 2012 U.S. Dist. LEXIS 28865, at *14-20 (N.D. Cal. Mar. 5, 2012); <u>Jimena v. UBS AG Bank, Inc.</u>, No. CV-F-07-367 OWW, 2008 U.S. Dist. LEXIS 93853, at *21 (E.D. Cal. July 15, 2008) (same).

### b.    The SAC Does Not Allege Any Fraud Or Injustice.

The SAC fails to adequately allege independent fraud or injustice.  The second prong of the alter ego test requires the court to consider the equities and whether respecting the separate entities must result in fraud or injustice.  <u>See Unocal</u>, 248 F.3d at 928.   There can be no fraud or injustice where a plaintiff is not harmed by recognition of separate corporate identities.  <u>See</u>, <u>e.g.</u>, <u>Mid-Century Ins. Co. v. Gardner</u>, 9 Cal. App. 4th 1205 (1992).

The SAC merely contains a conclusory allegation of injustice.  (SAC ¶ 175.) That is insufficient under Rule 8.  If Plaintiffs receive everything they seek through the SAC, the result would be the same if ARC was not a defendant, as it would be if ARC were a defendant.  That is because Plaintiffs may receive all of their requested relief from SmartPhone (assuming that Plaintiffs prove their claims).  As Plaintiffs will not be harmed by recognition of ARC and SmartPhone's separate corporate identities, the SAC does not show injustice.  <u>Winner Chevrolet, Inc. v. Universal Underwriters Ins. Co.</u>, No. Civ. S-08-539 LKK, 2008 U.S. Dist. LEXIS 111530 (E.D. Cal. July 1, 2008) (granting parent company's motion to dismiss, finding that "Plaintiff has made no allegation that Universal [subsidiary] would, for example, be unable to satisfy a judgment such that injustice would result unless Zurich [parent] were joined as a defendant"); <u>see also</u> <u>Perfect 10, Inc. v. Yandex N.V.</u>, No. C 12-01521 WHA 2012 U.S. Dist. LEXIS 80661, at *6-8 (N.D. Cal. June 11, 2012) (granting motion to dismiss); <u>Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist.</u>, No. Civ. S-05-583 LKK, 2007 U.S. Dist. LEXIS 64017, at *11-15 & *15 n.3 (E.D. Cal. Aug. 17, 2007) (collecting cases).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

MEMORANDUM OF POINTS AND AUTHORITIES

LITIOC/2043953v8/101022-0052

1    **G.    Leave To Amend**

2    Where defects of a pleading cannot be cured by amendment, leave to amend

3    is not necessary. <u>Telesaurus VPC</u>, 623 F.3d 998 at 1003; <u>Jackson</u>, 353 F.3d at 758.

4    The declaratory relief and alter ego claims all arise from ARC's purported

5    ownership of the patent-in-suit, but the actual contracts already appended to the

6    SAC show that ARC has no such ownership interest. Plaintiffs cannot cure those

7    inaccuracies because Plaintiffs cannot plead any new facts to avoid the true

8    contents of the contracts. Similarly, the state law claims all arise from petitioning

9    conduct that is absolutely protected by the *Noerr Pennington* doctrine and

10    litigation privilege. Plaintiffs cannot plead any facts to avoid these bars,

11    particularly where ARC has only "backed" an indirect subsidiary or affiliate.

12    Moreover, under the heightened pleading standard involving First Amendment

13    rights, Plaintiffs should not receive any leave based upon the current allegations.

14    Plaintiffs already have twice amended their complaint, but the SAC still fails

15    to state a claim against ARC or present a justiciable case or controversy.

16    Accordingly, the SAC should be dismissed without leave to amend.

17    **IV.    CONCLUSION**

18    For the foregoing reasons, Acacia Research Corporation respectfully

19    requests that the Court dismiss the SAC with prejudice.

20

21    Dated: July 16, 2012            Respectfully submitted,

22                                    STRADLING YOCCA CARLSON & RAUTH
                                      A Professional Corporation

23

24

25    By: /s/ Stephen L. Ram
         Marc J. Schneider
26       Stephen L. Ram
         Matthew T. Montgomery
27       Attorneys for Defendant ACACIA RESEARCH
         CORPORATION

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

MEMORANDUM OF POINTS AND AUTHORITIES

LITIOC/2043953v8/101022-0052